## COUNTY OF RUTLAND,

AT THE

JANUARY TERM, 1861.

---

PRESENT:

HON. LUKE P. POLAND, CHIEF JUDGE,
HON. ASA O. ALDIS,
HON. JAMES BARRETT, } ASSISTANT JUDGES.
HON. LOYAL C. KELLOGG,

---

JOHN McMAHAN *v.* NAHUM J. GREEN.

*Officer. Assault and battery. Trespass.*

Every citizen is bound to assist a known officer in making an arrest when called upon so to do, nor is he bound to inquire into the regularity or legality of the process in the hands of the officer.

McMahan *v.* Green.

A known officer had in his hands a warrant against John McManus. He arrested upon the warrant the plaintiff, John McMahan, and the defendant, at the request of the officer, assisted in making the arrest ; *Held,* that although the arrest was illegal, the request of the officer was a full justification to the defendant, and he was not liable for false imprisonment in assisting in making the arrest.

TRESPASS for assault and battery and false imprisonment. The facts sufficiently appear in the opinion of the court. The court at the January Term, 1861, PIERPOINT, J., presiding, directed a verdict for the defendant, to which the plaintiff excepted.

*Thrall,* for the plaintiff.

*Everts,* for the defendant.

ALDIS, J. The plaintiff was arrested by William Edgerton, a deputy sheriff, upon a warrant issued against John McManus for an assault with intent to commit rape. The defendant was required by the officer to assist him in making the arrest, and in obedience to such command he accompanied the officer in making the arrest and in committing the plaintiff to prison. The plaintiff's name is John McMahon instead of John McManus, and upon this ground he claims that the warrant was void against him, and that the defendant is liable to an action of trespass and false imprisonment in thus assisting the officer.

When a warrant or other process is regular on its face it protects the officer who does what it enjoins. He is not required to investigate the proceedings anterior to the warrant to see that they are regular and valid.

But in civil cases, where there is misnomer in mesne process, which has not been waived, though it be executed upon the person against whom it was intended, the officer will be liable in trespass. Thus in *Shadgett* v. *Clipsen,* 8 East. 328, where *Josiah* Shadgett was arrested upon process against him by the name of *John,* the officer was held liable in an action for false imprisonment. The court said process ought to describe the party against whom it is meant to be issued ; and the arrest of one person cannot be justified under a writ sued out against another.

McMahan *v.* Green.

See also 2 Taunt. 400 , 6 T. 234 ; and 1 B. & A. 647 ; 1 Ch. Pl. 213 ; 7 Cow. 332. But when the party so misnamed in the writ omits to plead it in abatement, and suffers judgment to pass against him, it is a waiver of the defect and the judgment is valid against him. 1 Mass. 76.

In *Griswold* v. *Sedgwick*, 6 Cow. 456, process was issued from a court of equity to attach for contempt *Samuel* S. Griswold, and was served upon *Daniel* S. Griswold, the ,person really in contempt and against whom the order was made. As soon as the officer discovered the mistake in the attachment the prisoner was discharged. He thereupon brought trespass for false imprisonment against the officer, and it was held he was liable.

No case has fallen under our notice where the same rule has been applied to process in strictly criminal cases. There seem to be some reasons why it should not be so applied. The facility with which criminals pass from one part of the country to another, where they are wholly unknown, the various names by which they pass, and the difficulty of ascertaining their true names, especially of foreigners, French and German, whose names would be likely to be misunderstood and misspelled, and the importance of promptly arresting them, and, to that end, of protecting officers in so doing would seem to furnish some reasonable grounds for adjudging that when the person who is really meant is arrested, though by a wrong name, such slight er. or, so harmless and so easily rectified, ought not to subject the officer to a suit. Should such an exception be sustained, it could only be probably where the name was unknown or concealed or falsely given, and the true party against whom the process was issued had been arrested. In such case perhaps the mythical John Doe, who appears here in the complaint, might properly be held to represent the true name of the respondent. But it is not necessary to settle that point, as there is another which is decisive of this case.

Sheriffs and other officers are by statute empowered to require suitable aid in the execution of their office in apprehending criminals. Comp. Stat. chap. 13, sec. 11. When the defendant was called upon by the sheriff in this case to assist him in arresting the plaintiff, he was not at liberty to refuse. Nor could he demand of the sheriff an inspection of the warrant under which

he was acting, in order to see by what authority he was proceeding, and whether in his judgment it would be safe to assist him. It was enough that he was the sheriff, (or deputy sheriff,) *a known public officer*, who called on him for aid in the execution of his office ; it was his duty to yield immediate obedience to the demand. The nature of the case requires that there should be no delay in rendering the requisite assistance ; no nice inquiries into the written authority of the sheriff to do what he is doing. It is sufficient that the officer asks for aid in a matter in which he has by law a right to ask for aid, and that he is a known public officer. The person, who is thus called on, is protected by the call from being sued for rendering the requisite assistance. If the officer has no warrant, or authority that will justify him, he may be liable as a trespasser ; but the person who is called upon for aid, having no means of knowing what the warrant is by which the officer acts, and who relies upon the official character and call of the sheriff as his security for doing what is required, is clearly entitled to protection against suits by the person arrested. The necessity of the case forbids that he should have the means of knowing or the time to inquire into the anterior proceedings. Nor does the law intend that any such inquiry should be tolerated, or that men called upon to aid officers in arresting criminals shall stop to examine papers and to take counsel as to the legality of the process under which the officers act. This statutory right of an officer to call for aid is but an affirmance of the common law. Bac. Abr., Tit. Sheriff, N. 2.

So, too, it is held at common law, that those who obey the command of the sheriff in arresting criminals will be thereby justified, though the sheriff be acting without authority. Hamm. N. P. 63–65.

In *Hooker* v. *Smith*, 19 Vt. 151, this doctrine is expressly recognized by Judge HALL, although it was not the point decided in the case. The doctrine stands upon the ground upon which sheriffs are protected in the execution of a precept regular on its face, though the prior proceedings may be invalid, viz : that they are not expected to know, and have no means of knowing what the previous proceedings were, and that in order to have the laws promptly executed, officers must execute process legal on its face

without further inquiry. The policy of the law and justice to the defendant alike demand that his justification of the alleged trespass and imprisonment, viz: obedience to the official demand of the sheriff for his aid in arresting the plaintiff for crime, should be sustained.

*In civil cases* merely, the sheriff having no authority to call for such aid, when there is no breach of the peace or other criminal offence, the persons who interfere and aid the officers are said to be liable. Archibald's Practice 853.

But that would not affect this case, as it was for the arrest of a criminal. On this subject see also 9 A. & E. 840, 846; 1 B. & A. 652; 7 B. & C. 486; 3 Dowl. 678, *Finch* v. *Cocken.*

Judgment affirmed.