# Watson *v.* The State.

*Indictment for Assault and Battery.*

1. *Assisting officer in making arrest.*—A sheriff, or other lawful officer, may require any bystander to assist him in making an arrest, and a refusal to assist him. is a criminal offense (Code, §§ 4139, 4666); and though the officer may be a trespasser in making the arrest, as by arresting one person under a warrant for another, a bystander who assists him on demand, knowing his official character, is not criminally responsible. .

FROM the Circuit Court of Butler. .
Tried before the Hon. JOHN P. HUBBARD.

GAMBLE & RICHARDSON, for the appellant, cited Code, §§ 4139, 4666; 1 Bish. Crim. Pro., § 185; 1 Bish. Crim. Law, §§ 289–91, 301; 1 Hale's P. C. 43; *Duncan v. State,* 6 Humph. 148; *Carter v. State,* 55 Ala. 181; *Gordon v. State,* 52 Ala. 309; 2 Cooley's Bla. Com. §§ 4, 5.

THOS. N. MCCLELLAN, Attorney-General, for the State.

CLOPTON, J.—The defendant was convicted on a charge of having committed an assault and battery on Harrison Ward. The only material question presented by the record is, whether the defendant is guilty of the offense charged, if he, without doing more, and using no excess of force, *merely* arrested, secured, and delivered him to the deputy-sheriff, who a few moments previously had called on the defendant to assist in making the arrest, informing him that he had a warrant for Ward's arrest, but in fact had no such warrant, having mistaken him for another person of the same surname, but different christian name.

By section 4666 of Code of 1876, it is made the duty of every person, when required to do so by an officer, to assist him in making an arrest; and by section 4139, it is made a criminal offense, to refuse or neglect to obey the command of any sheriff, constable, or other officer having authority, when summoned or commanded to assist such officer in making an arrest.

Any officer, authorized by law to make arrests, is empowered to summon or command necessary and proper assistance in apprehending criminals. A deputy-sheriff is authorized to make arrests. In 1 Bish. on Crim. Pro., § 185, the author says: "The officer, then, in making an arrest, or in securing his prisoner afterward, may, if he deems it necessary, call upon a bystander for help, or even command the aid of all persons in his precinct, and equally whether he is acting under a warrant or without. A refusal to assist him is indictable, provided he is proceeding by lawful authority; or, if he is not, his command will be a justification to one who, knowing his official character, comes in good faith to his assistance."

The power of the officer to command assistance, when necessary, is essential to the due execution of the criminal law, and to the protection of society. This power, which extends to calling to his aid the *posse comitatus,* oftentimes would be unavailing, especially in emergencies requiring

prompt action and assistance, if the person summoned was required to examine the papers of the officer, and determine his authority to make the particular arrest—whether it would be safe to assist him.    The officer is empowered by the statute to determine the necessity and time of assistance, and prompt obedience is the duty of the person summoned or commanded.    The necessity does not admit of delay.    The officer, if acting without warrant, may be a trespasser; but the private person may rely upon his known official character and his call for aid, and will be protected in doing what he is not at liberty to refuse or neglect.    It is sufficient if the general official authority of the person, calling for aid, to make arrests, is known.    When his general power is known, his call will justify the citizen in yielding obedience, unless he has notice of the want of authority in the particular case in which assistance is required.    It would be a strange legal anomaly, to punish a citizen for obeying the command of an officer invested with lawful authority to command in the matter, and at the same time subject him to punishment if he refuses or neglects to obey.    The duty is not devolved, to inquire whether the officer has a process authorizing the arrest, or into the legality of the process.—*McMahan v. Green*, 34 Vt. 69; *Reed v. Rice*, 2 J. J. Mar. 44.

Several of the rulings of the court conflict with the rule herein declared.    It is unnecessary to specify them.

Reversed and remanded.