## Commonwealth *v.* Sadowsky, Appellant.

*Criminal law—Assault and battery—Public officers—Sheriffs— Arrest—Duty of citizen called upon to assist officer—Liability for acts done pursuant to such call—Criminal Code of 1860, section 8.*

A bystander, acting in response to a call of a deputy sheriff to assist the officer, is not guilty of assault and battery for acts com-

mitted while assisting the officer, even although the latter is proceeding without authority.

Under the 8th section of the Criminal Code of 1860, it is a misdemeanor to refuse to assist a sheriff in the execution of his duty and it would be a strange legal anomaly to punish a citizen for obeying the command of an officer, vested with legal authority to command, and at the same time punish him if he refuses or neglects to obey.

Argued December 5, 1922. Appeal, No. 82, April T., 1923, by defendant, from judgment of Q. S. Somerset Co., Sept. Sessions, 1922, No. 125, on verdict of guilty in the case of Commonwealth of Pennsylvania v. William Sadowsky. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Indictment for assault and battery and aggravated assault and battery. Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment and sentence was passed. Defendant appealed.

*Error assigned* was the charge of the court, quoting it.

*Charles H. Ealy,* and with him *Charles F. Uhl,* for appellant.—A bystander when called upon by a known public officer to assist in making an arrest is not guilty of assault and battery if it subsequently develops that the act of the officer was illegal: 2 R. C. L. 491; Grau et al. v. Forge, 183 Ky. 521, 209 S. W. 369; McMahan v. Green, 34 Vermont 69; Firestone v. Rice, 71 Mich. 377; 38 N. W. 885; Weatherford v. State (Texas), 21 S. W. 251; Presley v. Ft. Worth, etc., Ry. Co. (Texas), 145 S. W. 669; State v. Bertchey (N. J.), 73 Atl. 524; Edger v. Burke (Md.), 54 Atl. 986; Reed v. Rice (Ky.), 19 Am. Dec. 122.

No appearance and no printed brief for appellee.

498 COMMONWEALTH *v.* SADOWSKY, Appellant.

OPINION BY GAWTHROP, J., March 2, 1923:

The defendant was convicted on both counts of an indictment charging assault and battery and aggravated assault and battery. The assignments of error are to the charge of the court. The trouble out of which the case arose occurred on the property of the Davis Coal and Coke Company at Boswell, Somerset County, during the period of the coal strike. On June 12, 1922, the defendant was sitting on his porch. A deputy sheriff of the county asked him to accompany him to a house across the way where a number of men were congregated. The defendant went with the officer, who displayed his badge and inquired of certain of the men their business on the company's premises. After some discussion one of the men, the prosecutor in this case, started to run away and the officer directed the defendant to intercept him. The defendant did intercept the prosecutor and a tussle occurred on the ground between them, when a second officer appeared on the scene and struck the prosecutor on the head and hand with a mace or blackjack. The first officer interfered and ordered the second officer to desist. Information was made against the defendant alone, charging him with assault and battery.

The parts of the charge assigned for error are as follows: "The court says to you that under the facts as narrated by both the prosecutor and defendant here that the defendant had no right whatever under the law to interfere with this prosecutor at that house at the time and on the day it is alleged the offenses were committed. ......It matters not whether there were trespass notices up on the part of the company warning him (the prosecutor) to stay off their property, because if he was a trespasser there was no breach of the peace nor was there anything there to indicate that a breach of the peace was imminent, and if in fact he was a trespasser these officers, or either of them, could not take the law in his own hands under those circumstances and make the arrest of the man, if in fact he was a trespasser as

contended by the defendant; his business was to go to an officer and swear out a warrant and come armed with a warrant before he had any legal right to lay any hands on him if he was a trespasser, as contended by the defendant. If you believe that this defendant went there under the circumstances under which either side says he went there, and laid his hands upon this man in the manner in which he himself testified, if you are satisfied of the truth of what he himself said, he is guilty of assault and battery. It is testified, however, that when he had this man down, the officer that accompanied him beat him with a blackjack. If you find that to be a fact and they went there for the common purpose, if they were engaged in a common cause, and if you believe that and believe that the injury inflicted by the man that was associated with this defendant who used the blackjack caused serious injury to this prosecutor, that is to say, grievous bodily harm, you may also convict him of both counts......It will depend how you find that fact; if the officer that went with him in the first place did the beating and you think it rises to grievous bodily harm and that they were acting in common design, you will convict him of both counts. If you find, however, that the officer didn't do it, and a stranger, an interloper, came there and did that beating without any active participation on the part of this defendant; if he wasn't a party to that beating with the blackjack whatever, then you will not convict him of the second count." While we do not agree with counsel for appellant that this charge amounted to a binding instruction to convict at least of simple assault and battery, we are all of opinion that the learned trial judge fell into error in failing to instruct the jury upon the law governing the rights and liabilities of a bystander who is called upon by a known public officer to assist in making an arrest. Although no Pennsylvania case directly in point has been cited by counsel, and we have found none, the power of a sheriff, deputy sheriff, or other known public officer to raise the posse

comitatus or power of the county, that is, such a number of men as are necessary for his assistance in making arrests or preserving the peace, is well settled in this State: Comfort et al. v. Com., 5 Wharton 437. The law as to the rights and liabilities of one called on by a public officer to assist under such circumstances is well settled in other jurisdictions. In fact there seems to be no real conflict of authority. The law is thus stated in 2 Ruling Case Law, page 491: "Every citizen is bound to assist a known public officer in making an arrest when called upon to do so and at common law it was a criminal offense for any person wilfully to disregard the summons of the sheriff to render assistance in apprehending a felon......According to the better considered authorities, private persons may respond to the call of a known officer without waiting for information as to the offense which the criminal has committed and without pausing to inquire into the regularity of the process; and whoever, in good faith, renders assistance and obeys the orders and directions of a known public officer in response to a call for assistance is protected in making an arrest, although the officer may be acting wrongfully and may be personally liable for a false arrest. This protection is due to the necessity of immediate action, since if all those summoned were required to examine and judge the legality of the warrant and then act upon their responsibility, the power of police officers would be to a great degree paralyzed."

The law is stated thus in 5 Corpus Juris, pages 429 and 753: "When a known officer summons a bystander for the purpose of assisting him in making an arrest, the bystander is bound to respond." "It being the duty of bystanders to assist an officer when called upon so to do, a bystander so assisting an officer is not guilty of assault even if the officer's acts are without authority."

It was held in Hooker v. Smith et al., 19 Vermont 152, that the sheriff, for the suppression of riots and the preservation of the peace, and for apprehending a person for

violating the peace, or for any other criminal matter or cause, may call upon bystanders to assist him. Although the sheriff himself cannot justify his action in a case, his assistants stand in a different position in that they are obliged by law, when called upon by the sheriff, to give him their aid.

The same rule is clearly stated in McMahan v. Green, 34 Vermont 69. In that case the plaintiff had been arrested by a deputy sheriff for an assault with intent to commit rape. The defendant was required by the officer to assist him in making the arrest and, in obedience to such command, he accompanied the officer in making the arrest and in committing the plaintiff to prison. In a subsequent suit for assault and battery and false imprisonment, the court recognized the rule above stated and said: "When the defendant was called upon by the sheriff in this case to assist him in arresting the plaintiff, he was not at liberty to refuse. Nor could he demand of the sheriff an inspection of the warrant under which he was acting in order to see by what authority he was proceeding, and whether in his judgment he would be safe to assist him. It was enough that he was the sheriff (or deputy sheriff), a known public officer who called on him for aid in the execution of his office; it was his duty to yield immediate obedience to the demand. The nature of the case requires that there should be no delay in rendering the requisite assistance. No nice inquiries into the written authority of the sheriff to do what he is doing. It is sufficient that the officer asks for aid in a matter in which he has by law a right to ask for aid and that he is a known public officer. The person who is thus called on is protected by the call from being sued for rendering the requisite assistance. If the officer has no warrant or authority that would justify him, he may be liable as a trespasser; but the person who is called upon for aid, having no means of knowing what the warrant is by which the officer acts and who relies upon the official character and call of the sheriff as his security for doing

what is required, is clearly entitled to protection against suits by the person arrested." This is but an affirmance of the common law : Bac. Abr., tit. Sheriff, N 2; see also, Weatherford v. State, 31 Tex. Crim. 530, 21 S. W. 251; State v. Bertchey, 77 N. J. L. 640, 73 Atlantic 524; Firestone v. Rice et al., 71 Mich. 377, 38 N. W. 885; Reed v. Rice, 25 Ky. 44; Watson v. State, 83 Ala. 60; 3 S. O. 441; Robinson v. State, 93 Ga. 77, 18 S. E. 1018; Grau et al. v. Forge, 183 Ky. 521, 209 S. W. 369.

The 8th section of our Criminal Code of 1860, P. L. 386, makes it a misdemeanor for any person to neglect or refuse to assist a sheriff, coroner, constable or any other officer of the Commonwealth in the execution of his office in any criminal case, or in the preservation of the peace or in apprehending and securing any person for a breach of the peace. It would be a strange legal anomaly to punish a citizen for obeying the command of an officer invested with legal authority to command him and at the same time subject him to punishment if he refuses or neglects to obey. The defendant was entitled to an instruction in accordance with the law announced in the authorities cited. The jury should have been told that if the defendant acted in response to the call of the deputy sheriff and used only such force as was reasonably necessary to carry out that officer's orders, he could not be convicted; that having acted by the sheriff's command he was justified, although the sheriff might not be, so long as he used no more force than was reasonably necessary. The failure so to charge was reversible error. The other points do not require consideration.

All of the assignments of error are sustained, and the judgment is reversed and a venire facias de novo awarded.