## Miles, By, et al. v. Brown, et al.
## Dearing, By. et al. v. Brown, et al.

(Decided May 9, 1911.)

### Appeals from Calloway Circuit Court.

Action for False Arrest—Pleading—Evidence—In an action for false arrest, while the answer presented a defense, it was denied by reply and no evidence was offered in support of the allegations of the answer, and under these facts, the action of the trial court in giving the jury a peremptory instruction to find for appellees was erroneous.

ACREE & SPEIGHT for appellants.

HOLLAND & HANBERRY and BARNETT & WELLS for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

It appears that the appellants are about nineteen years of age; that they lived in Tennessee about two miles from the Kentucky State line. They brought their separate actions against appellees, and charged that they came to the home of the person with whom they were staying all night, with bloodhounds and forcibly entered it without right or authority and against the will of the owner, and without right or authority arrested them and kept them in custody for several hours; that they placed them in great fear of bodily harm and that they at the same time displayed their pistols and threatened to do them great bodily harm and caused them great mental anguish and danger. Appellees answered placing the allegations of the petitions in issue, and in a separate paragraph stated that on a certain night in August, 1910, a thief entered the room of Buford Brown and took from his pants pocket $285; that he awoke and discovered the thief about the time he was leaving the room; that he then went immediately to a neighbor's and called up his co-appellee, Gip Dowdy, who owned some trained bloodhounds; that Dowdy came with his hound which took the trail of the thief and followed it into Tennessee to the house where appellants were lodging; that the hound pushed the door open and went to the bed where appellants were sleeping; that they remained there for a few hours and the boys confessed the theft of the money and executed their notes with several others as sureties for the money and appellees left. Appellants filed a reply in which they denied that Brown lost any money by theft or that he had any to lose. They denied that the hound trailed them; that the hound was well trained or trained at all. They admitted that the appellees and the hound came to this house but denied that the hound pushed open the door to their room and alleged that it pushed the door open which led into the room of the lady of the house, where she was sleeping. They admit they executed the note, as stated, but claim they did so under duress and fear of appellees. They denied positively that they stole any money from Brown or any other person.

By consent of the parties, the cases were tried together. Appellants and their witnesses were introduced, and appellees then moved the court to give the jury a peremptory instruction in their behalf and the court sustained the motion. Appellants' testimony fully

supported their pleadings, but appellees claim the court did not err in giving the peremptory instruction because the detention was made in Tennessee and there was no proof of an arrest. The Tennessee law was not pleaded or proved, and we assume, in such cases, that it is the same as ours. The authorities are numerous on this question, but we deem it unnecessary to cite them. The boys did not use the word "arrest" in their testimony, but did show that they were detained three or four hours. The father of Thomas Miles testified that Dowdy came to his house and asked him to come out and told him they had his son under arrest down in the woods. We are of the opinion that there was some evidence to the effect that the boys were arrested, at least, sufficient to authorize the submission of the question to the jury. (Meade v. Ashland Steel Co., 125 Ky., 114; 100 S. W., 821, and Louisville Electric Ry Co. v. Hall, 29 Ky. Law Rep., 531; 94 S. W., 26.) Section 35, Civil Code, provides who may make arrests, and section 36 prescribes how and when officers may make arrests; and section 37 provides:

"A private person may make an arrest, when he has reasonable grounds for believing that the person arrested has committed a felony."

These provisions of the Code are the same as the common law of Kentucky, which, in this case, must be presumed to be like that of Tennessee. If appellees' answer be true they had reasonable grounds to believe that appellants had committed a felony, but the obstacle in appellees' way is that their answer was denied and no proof whatever was introduced by them to show the truth of it, and that they had reasonable grounds to believe appellees had committed a felony. They introduced no testimony to show even that appellee Brown had lost any money, nor any proof to show that these dogs were well trained to trace persons. Under these facts, we are not authorized to do anything but reverse the judgment, and it is, therefore, reversed and remanded for further proceedings consistent herewith.