## Grau, et al v. Forge, et al.

(Decided March 7, 1919.)

### Appeal from Campbell Circuit Court.

1   False Imprisonment—Defenses.—It is no defense to an action for false imprisonment that the defendant who made the arrest was acting under the directions of a superior officer, since the arresting officer must himself be authorized to make the arrest under some of the provisions of sec. 36 of the Criminal Code of Practice.

2.   False Imprisonment—Submission of Issue—Instructions.—If the facts constituting the authority to make the arrest are disputed,

the issue should be submitted to the jury under instructions from the court; but if such facts are undisputed, it then becomes a matter for the court to decide, and where the undisputed facts show that the arresting officer in the exercise of a sound discretion had reasonable grounds to believe that the one arrested had committed a felony, it is the duty of the court to so direct the jury by a peremptory instruction.

3. Arrest—When Officer May Arrest Without Warrant.—Where one reports to an officer that another had just attempted to rob him, and gives a plausible and consistent account of the attempt, and there is nothing in the nature of the account to cause a reasonable person to question its accuracy, and soon thereafter the same person points out to the officer the one whom he claims attempted to rob him, the officer will be deemed to have reasonable grounds to believe that the one pointed out is guilty of a felony, and may arrest him without warrant.

4. Arrest—Force That May Be Used to Retain Custody of Prisoner.—An officer having a prisoner in charge whom he has lawfully arrested may use such force as is reasonably necessary to retain the custody of the prisoner, and may use such force as is necessary, or appears to him in the exercise of a reasonable discretion to be necessary, to defend himself from the dangers of an assault and battery committed upon him by the prisoner, but he must use no more force than above outlined in the defense of himself.

5. Arrest—Assault of Prisoner by Officer—Evidence.—Evidence examined and held that the officer was not authorized to assault the prisoner in his charge, either upon the ground that it was necessary to retain his custody, or to defend the officer from an assault committed by the prisoner.

BARBOUR & BASSMAN for appellants.

WILLIAM A. BURKAMP and PHIL. J. RYAN for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, Clifford Grau, was a policeman in the city of Newport, and had executed bond as required by law with his co-defendant and co-appellant, National Surety Company, as surety thereon. This suit was brought by appellee and plaintiff below, Albert Forge, against the policeman and his surety to recover damages for alleged false arrest and for damages resulting from an injury inflicted upon plaintiff by the policeman because of an alleged malicious assault and battery committed by him upon plaintiff after he was put under arrest.

The answer admitted the arrest, but justified it upon the ground that the defendant policeman had reasonable

grounds to believe when it was made that plaintiff had committed a felony, and the assault and battery was attempted to be justified because it was alleged that plaintiff tried to make his escape and first made an assault upon the officer; that no more force was used than was necessary to prevent the escape, or appeared in the exercise of a reasonable discretion to be necessary to save defendant from bodily harm threatened and about to be inflicted upon him by plaintiff. These defenses were put in issue, and upon trial there was a verdict and judgment in favor of plaintiff for the full amount sued for, $1,000.00, and defendants' motion for a new trial having been overruled, they prosecute this appeal.

A number of grounds are relied upon as constituting prejudicial error sufficient to authorize a reversal of the judgment, but we deem none of them of such importance or materiality as to deserve our consideration except such as may be referred to during the progress of this opinion. Before taking up any of the grounds urged we think it necessary to make a substantial statement of the facts.

Plaintiff is about thirty years of age, a printer by trade, and resided in the city of Newport. On the Saturday night in question he went to the home of a friend where others had met and the crowd consumed a pitcher of beer, which, according to the proof, was but one glass each. They remained there and talked from about seven-thirty until after ten, when plaintiff and a companion started to the former's boarding house for the purpose of spending the night. On the way they stopped at a saloon and went in for the purpose of obtaining another glass of beer. While plaintiff was drinking it, defendant and another policeman arrested him. They had no warrant, and he had not committed any offense in their presence. They started with him to police headquarters, and according to plaintiff's testimony when they had gone something like a square defendant struck plaintiff in the mouth with such force as to loosen some of his teeth and bruise his lips and gums, causing them to bleed quite freely. The force of this lick, according to plaintiff's testimony and that of his witness, was sufficient to cause him to fall to the walk but for the support of the defendant and a fellow policeman, between whom he was walking. A short distance further along on the route, according to plaintiff's proof, defendant struck him another blow by the side of the head, and it was

as severe as the first one. When they arrived at police headquarters the officer in charge, after questioning plaintiff and his witness and others professing to have any knowledge upon the subject, released plaintiff, which ended the matter, there being no further prosecution.

But a short while before the arrest one Harvey Sipple, a boy about fifteen years of age, who lived at Newport, stated to the officer in charge of the police headquarters (and who was superior to plaintiff) that some one had attempted to rob him on Fifth street. He went into detail about the supposed felon, who, as he stated, inquired of him if he had any money, stating that he, the felon, wanted it, and made an effort to get to his pockets, but the witness escaped and ran up the street with the supposed robber pursuing him. Witness eluded the robber, but related his story to a policeman by the name of Armstrong, who advised witness to look around and see if he could locate the man who had attempted to rob him, which he did, and pointed out plaintiff, who was in the saloon referred to, as being the guilty person. Witness and Armstrong immediately went to police headquarters where, after making his statement, defendant and another policeman were detailed to make the arrest, and they went with the witness, Sipple, to the saloon where plaintiff was pointed out to defendant as the guilty person, whereupon he was arrested, as hereinbefore stated. On that occasion Sipple was not only positive of plaintiff's guilt, but upon the trial of this case he was firmly of the opinion that plaintiff was the man who tried to rob him.

It is first insisted that a peremptory instruction should have been given to find for defendants upon that branch of the case complaining of the false arrest upon the two grounds (a) that defendant, in making the arrest, was acting under the direct orders of a superior officer, and (b) that the uncontradicted facts show that he had reasonable grounds to believe plaintiff guilty of a felony.

In support of the contention (a) it is urged that an inferior police officer is bound to obey the orders and directions of his superior, and that in doing so he is not amenable to the person arrested, although the arrest was wrongful and without warrant of law, and this conclusion is sought to be drawn by analogy from that principle of the law which excuses an individual from liability

when called upon by an officer to assist in making an arrest, although the officer was proceeding without authority, and some cases in other states, as well as those of C. N. O. & T. P. Ry. Co. v. Cundiff, 166 Ky. 594, and Franks v. Smith, 142 Ky. 232, from this court, are relied upon. We do not doubt the principle of law which under the circumstances mentioned excuses a private citizen from liability however wrongful the arrest might have been, but that principle can not be extended so as to protect an officer, although subordinate to another, who directed the arrest. The precise point was determined contrary to the contention here made in the case of Leger v. Warren, 62 Ohio State 500, 51 L. R. A. 193, and substantially so by this court in the case of Franks v. Smith, *supra*. Aside from these express determinations of the question, the two situations are by no means analogous. When a citizen is called upon to assist an officer in making an arrest the law makes it his duty to obey and act at once, and he is justified in assuming that the officer is acting within his official duties and under authority duly conferred by the law. To permit a citizen in such cases to delay the arrest by withholding his assistance until he can satisfy himself of the legality of the officer's proceeding would frequently result in the escape of criminals and would seriously retard the enforcement of the law. Not so with an officer. He is conclusively presumed to know his duty and to refrain from acting outside of such duty. The announcement of such a principle of law as contended for would greatly imperil the liberties of the citizens and would in almost every case render the arresting officer immune from the consequences of his unlawful arrest, since it could be easily shown that some officer other than the one making the arrest had given the defendant orders to make it. We therefore conclude that the court did not err in declining to give the instruction based upon this contention.

Briefly considering ground (b) insisted upon, sec. 36 of the Criminal Code of Practice authorizes an officer to make an arrest (1) in all cases where he has a warrant of arrest duly issued by a proper officer: (2) without a warrant when a public offense has been committed in his presence; and (3) without a warrant when he has reasonable grounds for believing that the person arrested has committed a felony, although not in his presence.

In this case, as we have seen, the defendant had no warrant, nor had the plaintiff commited any offense in his presence, and so if there was any authority for the arrest it was upon the (3) ground stated; i. e., that defendant had reasonable grounds to believe that plaintiff had committed a felony. If the facts constituting the reasonable grounds for belief upon which the defendant acted in making the arrest were in dispute, there could be no doubt but that the jury should pass upon that question under proper instructions. But there is no dispute in the testimony about the facts constituting such grounds for believing the plaintiff guilty. Nobody denies but that the witness, Sipple, made the report to defendant and to police headquarters which we have hereinbefore set out. It was apparently both sincere and credible. No fact or circumstance appears which would cause a reasonable person to doubt the correctness of his story. It was not only plausible, but he actually pointed out to the officer the man who he said attempted to commit the robbery, which attempt, as is well known, is itself a felony.

The case of Johnson v. Collins, 28 Ky. Law Rep. 375, is one very similar to this in its facts. A negro girl was shot while standing in the door of the house occupied by the person afterward arrested, who, with another, was in the house at the time. They stated that the girl had accidentally shot herself while handling a pistol, but another person who saw the girl killed afterward stated to the officers that the girl did not shoot herself accidentally or otherwise, but that the shot came from within the house, upon which information the arrest was made without a warrant. Upon trial the arrested person was acquitted and afterward brought suit against the policeman for false arrest and imprisonment. The jury returned a verdict for the defendant and plaintiff prosecuted an appeal to this court and the judgment was affirmed, the court in the course of the opinion saying: "We think the undisputed facts in this record show that the chief of police had probable cause to arrest the appellant on the charge of murder." It is true that no peremptory instruction was given in that case, nor does it appear that any was asked, and the issue as to reasonable cause for defendant's belief that plaintiff had committed a felony was submitted to the jury under instructions which this court approved, and we have no doubt,

from the quotation made from the opinion that the court would have upheld the verdict had it been returned under an instruction expressly directing it. Since, however, there was a verdict for the defendant, and he was not in this court making the question of the propriety of the peremptory instruction in his favor, that question was not passed upon.

In 11 R. C. L. 801, the rule which should apply to the arresting officer in cases like this is thus stated: "But since in such a case the person to be arrested is not specifically indicated by a written warrant, and the officer must necessarily act on his own reasonable judgment and often in haste to prevent the escape of the criminal, he is protected if he acts in good faith and on reasonable grounds of suspicion, though the person arrested proves not to have been the felon, or no felony was in fact committed."

Suits for false arrest and imprisonment are very similar in their nature to those for malicious prosecution. The chief difference in the two cases consists in the persons proceeded against. In the one case the defendant is the person making the arrest, while in the other he is the one who sets the law in motion and causes the arrest to be made. In the latter class of cases this court has without exception held that where the facts constituting probable cause are in dispute the issue should be submitted to the jury under an appropriate instruction, but where the facts alleged as constituting probable cause are undisputed, it becomes a question of law for the court. Lancaster v. Langston, 18 Ky. Law Rep. 297; Moore v. Large, 21 Ky. Law Rep. 409; Metroplitan Life Insurance Co. v. Miller, 24 Ky. Law Rep. 1561; Providence Savings Life Assurance Society v. Johnson, idem. 1902; Lancaster v. McKay, 103 Ky. 616, and Bruce v. Scully, 162 Ky. 296. In the last case referred to, upon this precise point the court said: "But where the facts are undisputed and as in this case are admitted by the appellant herself, there can be nothing to submit to a jury upon the question of probable cause but it becomes a matter exclusively for a decision of the court." The court then refers to the case of Farris v. Starks, 3 B. Monroe, 4, where the same rule is announced, and concludes that since there was no dispute about the facts the court properly directed a verdict for the defendant upon the ground that the undisputed facts constituted probable cause. Numerous other

cases from this court might be cited in substantiation of the same proposition.

If in cases like this an officer, who must necessarily act with more or less haste in order to prevent a possible felon from making his escape, would have to satisfy himself beyond question that a felony had been committed, or must act at his peril, the great public necessity for a prompt and rigid enforcement of the law would be largely curtailed. In announcing this principle we would not be understood as endorsing any rule that would license the officer under such circumstances to act upon unsubstantial appearances or unreasonable stories, but when the facts are such as a reasonably prudent man would have believed plaintiff guilty and would have acted upon we think the officer is authorized to make the arrest, although as a matter of fact it might subsequently turn out that no offense had been committed, or if one that the person arrested had no connection with it. We have no doubt that public policy is better served under such a rule than it would be to require the officer to act at his peril. We therefore conclude that the court should have directed the jury to find nothing for the alleged false arrest, and consequently it was in error in submitting to the jury the question of whether the defendant had reasonable grounds to believe that plaintiff had committed the felony.

This leaves in the case only the cause of action based upon the unlawful assault and battery committed upon plaintiff by the defendant. Upon this branch of the case it is insisted that the court erred in not giving to the jury an instruction upon the right of the defendant to defend himself against an assault committed upon him by plaintiff. The reason why the court refused to give that instruction to the jury is not stated in the record, but we think his declining to do so was authorized upon the ground that there was no evidence to sustain it. It is true that defendant claims in his testimony that plaintiff used insulting language and struck at but missed him when defendant struck the blow about which complaint is made. Neither of these reasons furnish legitimate grounds for the assault and battery complained of. It is a well known principle of law that insulting words furnish no defense for an assault and battery, although such insulting words might mitigate the damages. Neither do any facts appear showing that defendant was in any

danger of any character of bodily harm from anything which plaintiff did, even if it be admitted (which is strenuously denied) that plaintiff struck at defendant while under arrest. At that time there was a policeman on either side of him, holding both his arms, and no reasonably prudent person could conclude that he was in any danger of bodily harm at the hands of plaintiff situated as he was at the time. Nor do we find any fact in the record which would in the least justify the assault upon the ground that it was necessary to retain the custody of plaintiff or to prevent his escape, since he was making no effort to escape. Upon another trial, if the evidence is substantially the same as upon this one, the court will submit to the jury only the amount of damages which plaintiff sustained, if any, by reason of any assault and battery committed by the defendant, Grau. But if the evidence should justify it, of course the self-defense instruction should be given.

Wherefore, the judgment is reversed, with directions to grant a new trial, and to proceed in accordance with this opinion.