## Klotz v. Louis Cook and The Fidelity & Deposit Company of Maryland.

(Decided June 13, 1919.)

### Appeal from Campbell Circuit Court.

1. Larceny—Asportation.—Where property is stolen in one state and carried by the thief into another state it is a fresh asportation

in the state to which it has been carried and the offender may be punished in the latter state.

2.  Receiving Stolen Goods—Jurisdiction.—Receiving stolen goods is a distinct offense from larceny of the same goods, and the circuit court of the county where the goods are received has jurisdiction to try the offense. The receiving of the goods constitutes the crime.

3.  Receiving Stolen Goods—Trial of Offender.—Where a person charged with receiving stolen goods consents to accompany an officer to a sister state, the arresting officer was not required to take the accused before a magistrate as provided by sec. 46 of the Criminal Code.

4.  Arrest—When Arrest May Be Made Without Warrant.—Peace officers may, without a warrant, arrest any person who they believe, on reasonable grounds, has committed a felony, though it afterwards appears that no felony was actually perpetrated.

HORACE W. ROOT and B. F. GRAZIANI for appellant.

L. J. CRAWFORD for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Chas. McMahon, an employe of a department store in Toledo, Ohio, stole several thousand dollars' worth of merchandise from his employer, part of which, consisting of various articles of personal apparel, he sent to the appellant in Kentucky. The itemized list of these covers two typewritten pages. Having discovered some of the articles stolen by McMahon had been sent to appellant, the chief of police of Toledo sent the following telegram to the chief of police at Bellevue, Ky.: "We hold warrant for Mrs. Hesper Klotz on charge of receiving stolen goods; arrest and wire; hold all goods in house; if arrested, officer will arrive with search warrant." Appellant having moved to Ft. Thomas this telegram was sent to the appellee, who was marshal of the latter town. After first advising with the city attorney appellee went to appellant's residence, explained the purpose of his call and told her the substance of the telegram. He then took her in his machine to his residence over the jail, introduced her to his family and at appellant's request got in telephonic communication with her father, a railroad detective at Toledo; having been advised of McMahon's arrest appellant agreed to go to Toledo the next day; she roomed with appellee's daughter that night; had breakfast with the family next morning, and upon the arrival of an officer from Toledo, appellant, appellee and

said officer went to appellant's residence where she showed them the various articles she had received from McMahon, giving them the address of a dressmaker who was making some dreses for her out of the silk goods she had received, and at her suggestion these goods were shipped in her trunk to Toledo; she went with the Ohio officer that night to Cincinnati and transportation having been furnished her she proceeded to Toledo, conferred with the prosecuting attorney and testified before the grand jury, and on her testimony McMahon was indicted on several counts.

After spending several days with her father in Toledo she returned to Kentucky and instituted this suit against appellee for damages because of her alleged false arrest and imprisonment. From a judgment adverse to her contention she has appealed.

The refusal to give tendered instructions and the admission of irrelevant and incompetent evidence are the grounds relied upon for a reversal.

It is appellant's theory there should have been a directed verdict in her behalf. It is claimed the offense was committed in Ohio and not in Kentucky, and furthermore that the arrest having been made without a warrant is was appellee's duty under sec. 46 of the Criminal Code to forthwith carry appellant before the most convenient magistrate in the county for examination.

We have written a number of times that where property is stolen in one state and carried by the thief into another state it is a fresh asportation in the state to which it has been carried and the offender may be indicted and punished there. 1 Bishop's Crim. Law., sec. 140, 141; Ferrill, &c. v. Commonwealth, 1 Duv. 154; Tramwell v. Commonwealth, 148 Ky. 624. In the latter case it was held that where a horse stolen in Tennessee was brought to Hopkinsville, in this state, there was a fresh asportation for which the defendant could be indicted and punished in Kentucky. To the same effect is Hobbs v. Commonwealth, 156 Ky. 847. See 16 C. J., Criminal Law, secs. 211, 214 and 186.

Receiving stolen goods is a distinct offense from larceny of the same goods, and the circuit court of the county where the goods are received has jurisdiction to try the offense. The receiving of the goods constitutes the crime. Rose's Ky. Crim. Law & Procedure, sec. 441.

Receiving stolen property, knowing it to be stolen, is itself a complete offense. The gist of the offense consists of the guilty knowledge of the property having been stolen. Allison v. Commonwealth, 83 Ky. 254.

Appellant having consented to accompany the Ohio officer to Toledo appellee was relieved of the necessity of taking her before a magistrate as provided in sec. 46 of the Crim. Code. The offense of receiving stolen goods having been committed in Kentucky, and appellant having waived the requirements of sec. 46, *supra,* the lower court did not err in refusing to give the tendered instructions.

Sec. 36 of the Crim. Code, provides that a peace officer may make an arrest without a warrant when a public offense is committed in his presence, or when he has reasonable grounds for believing that the person arrested has committed a felony.

The appellee did not have a warrant for appellant's arrest; his authority was the telegram hereinabove referred to, and the question whether this furnished him reasonable grounds to believe the appellant had committed a felony was a question for the jury. It was properly submitted to the jury and by their verdict they found for appellee. See Miles, etc. v. Brown, etc., 143 Ky. 537.

Peace officers may arrest any person who they, upon reasonable ground, believe has committed a felony, although it afterwards appears that no felony was actually perpetrated. It is authorized by the section of the Code above referred to. It is so stated in the text books and upheld in many decisions of this and other courts. 2 R. C. L. 447; 5 C. J. 399. See note to Leger v. Warren, 51 L. R. A. 1, page 203; Grau v. Forge, 183 Ky. 521.

The court instructed the jury as follows:

"1. If you shall believe from the evidence in this case that at the time complained of by plaintiff, the defendant Cook wrongfully or without having any reasonable grounds to believe plaintiff had committed a felony, to-wit, receiving stolen goods, committed in Kentucky, arrested plaintiff and kept her in his custody and deprived her of her liberty for any time, then the law is for the plaintiff and you will find for her such sum in damages as you may believe from the evidence will fairly compensate her for being deprived of her liberty, or for any physical and mental suffering or for all of them, which

you may believe from the evidence was the direct or proximate result of said deprivation of liberty, not exceeding $10,000.00, the amount claimed.

"But unless you shall so believe from the evidence, you will find for defendants."

This is a correct statement of the law. A more favorable instruction appellant could not have asked, and the jury having returned a verdict in favor of appellee we find no reason to set aside a judgment entered pursuant thereto.

It is urged the court erred in the admission of incompetent and irrelevant evidence; this point is not well taken, the court having properly ruled in this respect. For the reasons given the judgment is affirmed.