## Elam v. National Surety Company.

(Decided November 20, 1923.)

### Appeal from Pike Circuit Court.

1. Municipal Corporations—Sureties on Bond of Deputy Chief of Police Liable for Deputy's Unlawful Arrest Without Warrant.—A complaint alleging that, though plaintiff had committed no offense, the deputy chief of police without a warrant arrested, abused, and treated him cruelly, held to state a cause of action against sureties on the bond of the deputy chief of police, under Ky. Stats., sections 3504, 3506, 3508, relating to police officers in cities of the fourth class and requiring their bonds to provide that, "for any unlawful arrest or unnecessary or cruel treatment or assault in making an arrest, they and their sureties shall be liable to the person so injured on said bonds."

2. Municipal Corporations—Sureties and Principal Liable on Bond for False Arrest or Cruel Treatment.—Under Ky. Stats., section 3508, sureties on the bond of a deputy chief of police, as well as the principal, are liable for the making of a false arrest by the latter, or a lawful arrest that is attended by the use of unnecessary or cruel treatment of or an assault upon the person arrested.

3. False Imprisonment—Circumstances Under which Policeman may Arrest Without Warrant Stated.—A policeman, like other peace officers, under Criminal Code of Practice, section 36, subsec. 2, may make an arrest without a warrant, when a public offense is committed in his presence, or he has reasonable grounds to believe that the person arrested has committed a felony.

ROSCOE VANOVER for appellant.

W. W. REYNOLDS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This action was brought by the appellant, Omar Elam, against James Matney, chief of police of the city of Pikeville, Butler Bales, deputy chief of police of that city, and the National Surety Company, surety in the official bond of the latter, seeking to recover of them, jointly and severally, damages in the sum of $2,500.00, for his alleged false arrest by Butler Bales, while acting in his official capacity as deputy chief of police of Pikeville.

Each of the defendants filed in the court below a general demurrer to the petition, as amended. The demurrers of Matney and the National Surety Company were each sustained by that court and the action, following the refusal of the appellant to plead further, dismissed as to each of them. The demurrer of Bales was overruled. The appellant failed to take an exception to the ruling of the trial court sustaining the demurrer of Matney and

dismissing the action as to him, but did except to its ruling sustaining the demurrer of the National Surety Company and dismissing the action as to it; and from the judgment manifesting the latter ruling was granted, and is prosecuting, the present appeal.

It is substantially alleged in the petition, as amended, that Pikeville is a city of the fourth class, authorized to have and maintain a police force; that James Matney, by his election to the office and subsequent qualification thereunder, is and was at the time of the appellant's arrest the chief of police of Pikeville; and that the defendant, Butler Bales, by virtue of his previous appointment thereto, his taking of the necessary oath of office and execution of the required bond, with the appellee, National Surety Company, as his surety, then was and now is the duly qualified and acting deputy chief of police of that city. A certified copy of the bond referred to, marked as an exhibit, was filed with and made a part of the petition, which alleged its approval and acceptance by the city council of Pikeville.

It is further substantially alleged in the petition, as amended, that the defendant, Butler Bales, acting in his official capacity as deputy chief of police of Pikeville, unlawfully and wrongfully arrested the appellant and threatened to put him in jail if he did not get off the street; and that although the appellant, because of his previous complete loss of an arm and the breaking of a leg, was then, as now, a helpless cripple, Bales in making the arrest forcibly and wrongfully seized, jerked, cursed and abused the appellant and started with him toward the jail as if to incarcerate him therein. It is also alleged in the petition, as amended, that at the time of the appellant's arrest by the defendant Bales and the commission by the latter of the alleged wrongful acts accompanying the arrest, he was not in possession of a warrant that charged the appellant with an offense, or that authorized his arrest for an offense; and that the latter had not committed an offense of any kind in his presence or elsewhere.

We have not been favored with a brief from counsel for the National Surety Company, the only appellee in the case, but are advised by the brief of the appellant's counsel that its demurrer to the petition, as amended, was sustained by the trial court on the ground that the official bond of Bales as deputy chief of police of the city of Pikeville, in and upon which the appellee became and

is his surety, imposes upon it no liability as surety for the false arrest of appellant by Bales, or for his other alleged unlawful acts then committed, though such false arrest and unlawful accompanying acts may have been made and committed by him in his official capacity as deputy chief of police, or under color of his office as such. This conclusion of the trial court seems to have been based on the opinion of this court in the case of Jones v. Van Bever, 164 Ky. 80. In that case the action was brought against the sheriff alone seeking the recovery of damages of him for the alleged false arrest of the plaintiff by two of his deputies. The sureties in the official bond of the sheriff were not made parties to the action and no judgment was prayed against them. The sole question presented for decision in the court below and on the appeal was, whether the sheriff was liable in damages for the alleged unlawful acts of his deputies complained of. And with respect to this question we held (quoting from the syllabus, which accurately and in briefer terms states the same conclusion expressed in the opinion): ''In order to render a sheriff liable for the act of his deputy, the act of the deputy must be done by virtue of his office as deputy; and in order for the deputy's act to have that character, it must be done in an attempt to serve or execute a writ or process, and as a means to that end, or in acting under a statute giving him the right to arrest without a writ or process; otherwise he is acting as an individual.''

As in applying the rule, *supra,* to the facts alleged in the petition in support of the plaintiff's claim to the damages sued for in that case, the court reached the further conclusion that they did not state a cause of action against the sheriff, it affirmed the judgment of the trial court by which a general demurrer to the petition had been sustained.

It is patent from the opinion as a whole that the court did not rest the non-liability of the sheriff for the damages caused the plaintiff by wrongful acts of his deputies, upon the fact that the former's right to recover them of him as sheriff was not expressly provided for by the terms of his official bond, but on the ground that as the wrongful acts of his deputies were not committed ''in the course of an attempt to serve or execute a writ or process and as a means to that end,'' they were not committed by them in their official capacity as deputies of the sheriff, but as mere trespassers, hence the sheriff was not legally responsible for the injuries resulting to the plaintiff from

those acts. In support of this conclusion the court declared:

"The sheriff is liable for the act of his deputy only when the deputy commits a wrong while acting for his chief."

While it was also said in the opinion that the sureties in the sheriff's bond were not liable for the wrongful acts of the latter's deputies complained of, the statement was but incidental to the court's previous declaration of the sheriff's non-liability for those acts, and amounted to mere dicta, because, as previously stated, the sureties in the bond of the sheriff were not sued, consequently the question of their liability was not involved in the case.

As the appellant did not except to, and has not appealed from so much of the judgment of the circuit court as sustained the general demurrer of the defendant, James Matney, chief of police of the city of Pikeville, to the petition, as amended, and dismissed the action as to him, we are saved the necessity of determining whether such action of that court was or is error; and as the defendant, Butler Bales, deputy chief of police of that city, has not taken a cross appeal from that part of the judgment which overruled his general demurrer to the petition, as amended, his connection with the case will be considered only with reference to its bearing upon such questions raised on the appeal as may affect the rights of the parties to the same. We are unable to see that the principles announced in Jones v. Van Bever, *supra*, can have any controlling effect on the questions presented in the case at bar. We find, however, that the rights of the parties arising out of the facts presented in this case are controlled and may be determined by the provisions of sections 3504, 3506, 3508, Kentucky Statutes, applicable to cities of the fourth class, to which the city of Pikeville belongs. Section 3504, providing for the election by the city's board of council, or by the voters of the city, if so prescribed by ordinance, of a chief of police and fixing his term of office; section 3506, fixing the salary and defining the duties of the chief of police, also empowering him to appoint, subject to the approval of the board of council, a deputy or deputies and defining the duties of the latter; section 3508, providing that the chief of police and his deputies, if any be appointed, shall before entering upon the discharge of their duties, execute bond with good surety, in the sum of $2,500.00, to be approved by the board of council, and prescribing the terms of such bond.

After enumerating certain covenants that shall be contained in the bond, the section closes as follows:

"*And for any unlawful arrest, or unnecessary or cruel treating or assault in making an arrest, they (the chief of police or deputies) and their sureties shall be liable to the person so injured on said bond.*"

It is manifest from the language of the foregoing provision of the statute, *supra*, that it unquestionably fixes and declares the liability of the surety in the bond of a chief or deputy chief of police, as well as that of the principal, both for the making of a false arrest by the latter, and also a lawful arrest that is attended by the use on the officer's part of unnecessary or cruel treatment of, or an assault upon, the person arrested; and that the liability of the surety in the bond of a public officer may be thus fixed by statute is recognized in Jones v. Van Bever, *supra*, and other cases therein cited which establish its general recognition. It therefore follows that the common law rule by which the question of the sheriff's liability for the wrongful acts of his deputies was tested in Jones v. Van Bever, *supra*, cannot be applied in the instant case, which is controlled by the statute, *supra*, alone. A policeman like other peace officers may, as authorized by Criminal Code, sec. 36, subsec. 2, make an arrest "without a warrant, when a public offense is committed in his presence, when he has reasonable grounds to believe that the person arrested had committed a felony;" but he cannot upon such facts as are alleged in this case and admitted by the demurrers of the several defendants, make such arrest without a warrant, or accompany it with the unnecessary violence that was here used without committing a breach of his official bond, for which both he and his surety will be liable in damages to the person arrested for the injuries thereby caused him. Grau v. Forge, 183 Ky. 521.

The bond in question in this case seems to fully conform to the requirements of the statute, *supra;* and, as in our opinion, the petition as amended states a cause of action against both the principal and surety therein, we are constrained to hold that the trial court erred in sustaining the demurrer of the appellee to the petition as amended and dismissing the petition as to it. The judgment is reversed with directions to overrule the demurrer, and for further proceedings not inconsistent with the opinion.