THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* WILLIAM TORRES GRANADO, Defendant and Appellant.

No. 9817.   Argued April 2, 1943.—Decided May 18, 1943.

*Juan B. García Méndez* for appellant.   *R. A. Gómez, Prosecuting Attorney (Fiscal),* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

José Nieves Hidalgo, a sergeant of the Insular Police, and Policemen William Torres Granado, Ramón López Giusti, and Dámaso Alvarez, were charged in the Municipal Court of Aguadilla with a violation of §138 of the Penal Code.   The

alleged violation consisted in that in the city of Aguadilla, between 7:30 and 8 of the night of February 5, 1940, said defendants, under color of authority, while in the insular police station, voluntarily and criminally, without legal cause therefor, assaulted the former with a cudgel or truncheon and the rest with their clubs, Jesús Badillo, a demented person, inflicting on him the following injuries: a lacerated bruise in the form of a star about three inches long, in the left parieto-temporal region exposing the skull; another bruise, three inches long, in the occipital region, also exposing the skull; a severe bruise which prevents him from moving his left ring finger, and a complete fracture of the fourth metacarpal of his left hand in the distal region.

All of them appealed to the district court, but defendant José Nieves Hidalgo having joined the Army, the trial *de novo* was held of the other defendants. William Torres Granado was convicted and sentenced to one month imprisonment in jail and to the payment of a $100 fine, plus costs. The other defendants were acquitted.

The evidence was conflicting. That of the prosecution tended to show that on the day of these events Jesús Badillo Méndez who, though insane, was not dangerous, came out of a bar with a knife in his hands. Policeman López Giusti, who saw him, asked him to give him the weapon. Badillo Méndez refused to do so, but when the policeman pressed him, Badillo, taking the knife by the blade, gave it to the policeman in such a way that the policeman could pick it by the hilt. The policeman took the knife so brusquely, that he gave Badillo a wound on the hand. He then tried to arrest him, and the demented person refused to be arrested, but when the policeman insisted, he consented, saying by way of compromise, that both the policeman and he would go together arrested to the station, and to that effect the policeman grabbed him by the belt and the prisoner grabbed the policeman by the strap which, going around his shoulder,

supports the belt which holds his revolver and club. Thus they both walked quietly to the station, where the policeman gave the knife to a fellow policeman. He ordered Badillo to sit down. As the latter refused to do so, he tried to force him, and a struggle ensued between them. At that moment Sergeant Nieves Hidalgo and the appellant arrived, and the latter first and then the sergeant assaulted Badillo in the way stated in the complaint; immediately the lights were turned off, for which reason the witnesses for the prosecution were unable to see if anything else happened subsequently.

The evidence for the defendant differs from that of the prosecution only as to the way in which the events took place in the police station. According to appellant and his witnesses, when the prisoner arrived at the station, he became furious and rebellius, and abused policeman López Giusti, slapping him in the face, a fight ensuing between them, and the prisoner trying to disarm the policeman. The officer in charge remained in his place, and at that moment the sergeant and the appellant arrived. · · Policeman López Giusti was, by reason of his age and built, weaker than the demented person, and was asking for help, fearing that the latter might take the revolver from him and use it on him. Then, when one of the policemen tried to separate them and failed to do so, sergeant Nieves Hidalgo ordered appellant to strike him with the club he was carrying, and he did so; but in spite of that Badillo did not give up, and the sergeant hit him with the club he carried, for which reason, he lost strength and, in his struggle with López Giusti, hit the edge of a column, giving himself a wound on the head. The policemen then were able to control him.

The judge of the lower court gave credit to the evidence for the prosecution; and, referring to that for the defendant, stated that it did not deserve credit.

■ Appellant holds that the court a quo committed manifest error in weighing the evidence, and that it acted with

prejudice in determining that, within the circumstances of the case, the asault was not justified.

We have examined all the evidence and cannot agree with appellant as to the charge he makes against the judge of the lower court. The judge was not obliged to give credit to the evidence of one or the other party, but to that which, due to the way in which the witnesses testified and the surrounding circumstances, he believed conformed to the truth. And if he believed the evidence of the prosecution, and it convinced him beyond a reasonable doubt that appellant was guilty of the offense charged, there is no reason or motive whatsoever that would justify us in altering his discretion in weighing the evidence.

Nevertheless, appellant insists on the fact that when he hit the prisoner with his club, he did so in defense of his colleague, and was obeying orders from his superior officer, Sergeant Nieves Hidalgo. If the attack, under the circumstances, was unnecessary, and therefore illegal, the order of the superior officer cannot constitute a defense, as appellant is not obliged to obey an illegal order. The law is above the order of a superior officer. Neither a sergeant nor any other officer, no matter how high his rank, can act contrary to law. As was said in *Grau* v. *Forge*, 3 A.L.R. 642, it is conclusively presumed that every police officer knows his duty and must abstain from not complying with it. Once this fact has been established, it becomes necessary to determine if in accordance with the surrounding circumstances in this case, the order of the sergeant was justified. A reasonable person acting within the circumstances would have known that the order was not justified. Without stopping to consider, as it does not appear affirmatively from the record, if the appellant or any other of the policemen involved in this case knew that Badillo Méndez was insane, and that as such they should have treated him, avoiding as much as possible enraging him it is a well-established fact that the demented person carried no weapons with him when

he was assaulted, and although the policemen testified that he is a strong man, such testimony does not imply that he was of such extraordinary strength that four policemen could not have separated him from policeman López Giusti whom, according to the evidence for the defendant, the prisoner was grabbing by the waist. In our judgment, the assault on the part of the appellant was clearly unnecessary, and that he so understood, and therefore assumed the consequences of his illegal act when he obeyed the order of the sergeant.

The appeal must be dismissed and the judgment affirmed.