### Johnson v. Commonwealth.

February 21, 1947.

Rehearing denied April 25, 1947.

William J. Baxter, Judge.

Redwine & Redwine for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

Thomas Johnson has been convicted of the crime of carrying concealed a deadly weapon on or about his person and sentenced to a term of two years in the penitentiary. The offense, which was formerly a misdemeanor, was made a felony by chapter 40 of the Acts of 1946, KRS 435.230.

Appellant's sole complaint is that the evidence upon which he was convicted was illegally obtained and should have been excluded. He invokes the provisions of the state and federal constitutions against unreasonable searches and seizures. Const. Ky. sec. 10; Const. U. S. Amend. 4. The only witness introduced at the trial was the arresting officer, Sidney Epperson, a policeman of the city of Winchester. He testified that he received information that appellant was engaged in a difficulty at Rose Hill, a section of Winchester, and had a pistol. He went to Rose Hill, failed to find appellant, but later found him in front of the St. George Hotel on Main Street. He testified as follows:

"* * * I saw the print of this gun in his shirt, on his left side."

He was asked if he was able from what he saw there to recognize the instrument as a gun, and he answered in the affirmative. He also said:

"I could see the gun under there. I asked him if he had a gun and he said, 'I have, but if you will let me I will go around the corner and take it off.' "

The officer then arrested appellant and took the pistol which was concealed under his shirt.

In Robinson v. Commonwealth, 207 Ky. 53, 268 S. W. 840, the accused was arrested by a peace officer without a warrant upon the charge of carrying a concealed deadly weapon. The arresting officer testified that he could see the imprint of the pistol in the pocket of the defendant's overalls "well enough to know it was a pistol" before he made the arrest. It was held that the evidence of the arresting officer was competent since the offense was committed in his presence and a warrant was not ncessary under subsection 2 of section 36 of the Criminal Code of Practice which provides:

"A peace officer may make an arrest * * * without a warrant, when a public offense is committed in his presence, or when he has reasonable grounds for believing that the person arrested has committed a felony."

In Campbell v. Commonwealth, 203 Ky. 151, 261 S. W. 1107, 1108, the accused was convicted of the offense of unlawful possession of liquor. She was arrested

with it a warrant and it was claimed that the means by which the officer discovered her possession of the liquor constituted an unlawful search of her person because made without a search warrant. The officer testified that the accused had a bulky object concealed under her clothing and that her dress was wet where it was made to protrude by the concealed object. He asked her if she had moonshine whiskey in her possession and she admitted she had two jars of whiskey. In ruling that the testimony of the officer was competent the court said:

"Manifestly, the foregoing uncontroverted facts disclosed by the evidence were sufficient to establish the unlawful possession by the appellant and Sally Ann of the whisky in question and to constitute such possession an offense commited by them in the presence of the deputy sheriff, which authorized their arrest by the latter without a warrant. Not only is it apparent from the evidence that the means employed by the appellant and her companion to conceal the whisky under their apparel were insufficient to prevent its discovery by him, but, in addition, their frank admission of their possession of the whisky, made in response to the inquiry of the officer, alone justified their arrest by the latter as for an offense committed in his presence, and had they, after such admission, and following their arrest, refused to surrender the whisky, would have authorized a search of their persons by him for its seizure, without the procurement of a search warrant for that purpose."

Only a misdemeanor was involved in the foregoing cases and the officer could not make an arrest without a warrant unless the offense was committed in his presence. In the case before us the appellant had committed a felony and section 36 of the Criminal Code of Practice provides that a peace officer may make an arrest without a warrant when he has reasonable grounds for believing that the person arrested has committed a felony. Certainly under the facts of this case the officer had reasonable grounds for believing that the appellant had committed a felony, to wit, carrying concealed a deadly weapon, and therefore the officer had the right to arrest and search him. Congleton v. Commonwealth, 273 Ky. 282, 116 S. W. 2d 300; Tucker v. Vornbrock, 270 Ky. 712, 110 S. W. 2d 659; Klotz v. Cook, 184 Ky. 735, 212 S. W.

917. The search of a lawfully arrested person is reasonable, and the evidence obtained by such search is admissible. Elswick v. Commonwealth, 202 Ky. 703, 261 S. W. 249.

The judgment is affirmed.