. **Otis RISBY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 2, 1955.

————◆————

Richard R. Bryan, Charles W. Runyan, Paducah, for appellant.

J. D. Buckman, Jr., Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

Otis Risby was found guilty of breaking into a dwelling house with intent to steal and was sentenced to ten years in the penitentiary. His main contention, on appeal to this Court, is that certain evidence obtained as a result of searches and seizures of his baggage was inadmissible because the affidavits for the searches and seizures were insufficient, and because the information which led to the discovery of the baggage was obtained from him involuntarily after he had been illegally arrested.

The home of Hattie Marks, in Paducah, was broken into on Saturday, March 26, 1955. Hattie, a recluse, had chosen to keep her life savings hidden under a mattress in her bedroom. At the trial she was unable to state the exact amount but estimated that it was between two and three thousand dollars. However, she was able to testify that her savings were made up of small bills, with the exception of one $100 bill. She testified that the money was gone after the robber left.

Tilghman Tade, a city detective, testified that he had investigated the break-in at the home of Miss Hattie. He further

testified that the following Monday after the break-in, he received information that Risby, who had a long criminal record, was spending large amounts of money around town. A search was commenced for Risby, and he was apprehended at the bus station that same evening. He was arrested and a search of his person revealed a bus ticket to California, a pistol, a pocket knife and $122.05 in cash.

After the arrest Risby was questioned. Through the questioning it was learned, by direct information from the accused, that he had expressed several pieces of luggage and a tin box containing money to a certain point in California. He later gave the officer the receipt for the shipment which he had received from the express company. The shipment was traced and found to be in St. Louis, en route to California. Thereupon the officer went to St. Louis and obtained a search warrant from a St. Louis court and searched the baggage. The search revealed a tin box containing a sum slightly over $3,000, made up of small bills and one $100 bill. The baggage, including the money, was sealed and sent on to its destination in California and finally returned to Paducah, where a new search warrant was obtained and the baggage again searched and seized. On the trial, the baggage and money were introduced in evidence against the accused, over his objection.

 It is contended that the information obtained from Risby, as a result of which his baggage was discovered, searched and seized, was wrongfully obtained because he was being held under an illegal arrest. It is claimed the arrest was illegal because it was made without a warrant and without reasonable grounds for the officer to believe the accused had committed a crime. An officer may make a lawful arrest without a warrant if he has reasonable grounds for believing that the person has committed a felony. Criminal Code of Practice, Sec. 36. In Grau v. Forge, 183 Ky. 521, 209 S.W. 369, 3 A.L.R. 642, it was held that if the facts are such that a reasonably prudent man would believe that the defendant has committed a felony, the officer is authorized to arrest without a warrant. To the same effect is Commonwealth v. Riley, 192 Ky. 153, 232 S.W. 630. In this instance the crime of house breaking had been committed. The defendant had been convicted numerous times for similar offenses. He was frequently without visible means of support and, on the day of his arrest, he was known to have spent large sums of money. He was found in a bus station about to leave town. In these circumstances, we have no difficulty in concluding that reasonable and proper grounds existed for the arrest of the accused without a warrant.

 Appellant's other contention is that the search warrant obtained in St. Louis was defective, because of insufficiency of the affidavit on which it was based; that the Paducah search warrant was defective for the same reason; and that the Paducah search was illegal because it was based upon information discovered as a result of the invalid St. Louis search. As we read it, the affidavit for the Paducah search warrant was not predicated on anything disclosed by the St. Louis search but was based entirely upon events and occurrences that happened in Paducah and information obtained from the accused himself. Accordingly, the validity or invalidity of the St. Louis search is of no concern. We have carefully scrutinized the affidavit on which the Paducah warrant was issued and find no basis for questioning its adequacy.

The judgment is affirmed.