Joe SCAMAHORNE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 13, 1964.

See also Ky., 357 S.W.2d 30.

John S. Kelley, Bardstown, Hobson L. James, Elizabethtown, for appellant.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

STEWART, Judge.

Appellant, Joe Scamahorne, appeals from a judgment of the Nelson Circuit Court sentencing him to two years in the penitentiary for the crime of carrying concealed a deadly weapon. He asks reversal of this conviction on the ground that the trial court erred in overruling his motion to suppress

the evidence obtained in respect to the concealed deadly weapon by a search incident to an arrest he claims was illegal. Other complaints are listed and these will be discussed as there will no doubt be another trial.

Appellant was arrested in Nelson County on April 22, 1961, by William C. Smith, a detective of the Kentucky State Police, who was accompanied by other state policemen, on a warrant that issued from Barren County on a charge of burglary. They saw appellant standing in front of a grocery store, approached him, and stated they had a warrant for his arrest, which warrant they either showed or read to him. Detective Smith, according to the testimony he gave later, then asked: "Joe, do you have anything on you?" and appellant answered that he had a gun in his back pocket. This officer said he then took the gun from appellant. The officers testified the weapon was concealed and appellant testified the butt of it was sticking out of one of his pockets and was plainly visible.

Appellant first argues that the affidavit upon which the warrant of arrest on the charge of burglary was issued was insufficient to furnish probable cause with the result that the arrest and search that followed were illegal.

■ The affidavit, made by Detective Smith, the arresting officer, is subscribed near the bottom of the warrant and recites that "he believes and has reasonable grounds to believe that the allegations of fact contained in the above and foregoing warrant are true." The warrant itself makes the statement that on April 19, 1961, in Barren County, Kentucky, Joseph Edward Scamahorne undertook by force to steal money or other things of value from the Hiseville Deposit Bank and attempted to open a safe in said bank. This same type of affidavit was held to be inadequate to uphold issuance of a warrant of arrest in Harvey v. Commonwealth, 226 Ky. 36, 10 S.W.2d 471. The Commonwealth admits the deficiency of the affidavit and further concedes that if it is construed to be an "ultimate fact" affidavit, it is still insufficient. In Henson v. Commonwealth, Ky., 347 S.W. 2d 546, it was held that if the affidavit purports to state an ultimate fact, it must state how and when the alleged ultimate fact was observed. The later case of Smallwood v. Commonwealth, Ky., 349 S.W.2d 830, decided that the ultimate fact theory was abolished and ruled that the affiant, in order to secure a search warrant, must set forth the grounds of his belief.

■■ However, the Commonwealth argues that the arrest was not illegal, despite the invalidity of the affidavit, as Section 36 (2) of the old Criminal Code of Practice (now KRS 431.005) authorizes a peace officer to make an arrest without a warrant upon reasonable grounds for believing that the person arrested had committed a felony. It is argued Detective Smith had such grounds. It has been held that if the facts are such that an ordinarily prudent man would have believed the accused guilty and would have acted upon that belief, a police officer's act in making an arrest without a warrant is justified. Grau v. Forge, 183 Ky. 521, 209 S.W. 369, 3 A.L.R. 642. The arresting officer in felony cases must act upon facts within his own knowledge, or upon reliable information communicated to him by a third person. Mere belief or suspicion does not constitute reasonable grounds. Detective Smith's own testimony precludes any belief other than that he took appellant into custody in obedience to the so-called warrant of arrest.

■ A final contention of the Commonwealth is that appellant waived the right to question the legality of his arrest and the search of his person at his second trial, as he could have raised but did not raise any question in this respect at his first trial. See Scamahorne v. Commonwealth, Ky., 357 S.W.2d 30. It has been said: "The doctrine of the law of the case applies only to rulings by an appellate court and does not apply to rulings by the trial court." See 5B C.J.S. Appeal and Error § 1821 a, p.

190. See also Henderson v. Union Pac. R. Co., 189 Or. 145, 219 P.2d 170 and Lawrence v. Ballou, 37 Cal. 518. We believe this doctrine should apply in this case.

Other questions are raised which we deem it unnecessary to consider because we do not believe they will recur in the event of another trial.

Wherefore, the judgment is reversed and the case is remanded with directions that in the event of another trial such shall be held in conformity with this opinion.