Walter BROCK, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 11, 1965.

M. L. Perkinson, LaGrange, for appellant.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, for appellee.

HILL, Judge.

Appellant was convicted of knowingly receiving stolen property and given two years in the State Reformatory. His appeal relies on three alleged errors for a reversal. They are (1) failure of the trial court to sustain motion for continuance; (2) keeping him imprisoned 14 days before giving him an examining trial; and (3) admitting evidence of other criminal acts than those charged in the indictment, and failure of the trial court to admonish the jury on such evidence.

On June 7, 1963, the Grosscuth Distillery Company of Jefferson County was robbed of 235 cases of pint whiskey, 2 cases of fifths and 237 other cases. Appellant was indicted by the Jefferson County grand jury on December 3, 1963, on a charge of armed robbery of the distillery. His trial was set in the Jefferson Circuit Court on November 10, 1964.

Harry T. Morrissey, area supervisor of the U. S. Treasury, acting as undercover agent for the Alcohol Tax Division, contacted appellant on June 29, 1963, and again on July 31, 1963, and purchased from the appellant several cases of whiskey which were identified as having been a part of the whiskey stolen in Jefferson County on June 7th. Morrissey arranged another meeting in the home of the appellant for the purpose of buying more whiskey. On August 3, 1963, appellant was arrested at his home while in the act of selling more whiskey to Morrissey. He was placed in the LaGrange jail on August 3, 1963, under a warrant providing for $1,000 bail. He was not brought before the county judge until August 16, 1963, at which time he waived examining trial and his bail remained at $1,000, which he was apparently unable to execute until 10 days thereafter. Appellant was indicted by the Oldham grand jury on October 30, 1963, which was some 34 days before his indictment in Jefferson County. The charge in Oldham County was knowingly receiving stolen property.

█ It is contended by appellant that because of the assignment of his case for trial in the Jefferson Circuit Court on November 10th, it was an undue burden on him to force him into trial on October 28th in the Oldham Circuit Court. While it makes no difference which criminal proceeding was first commenced, yet, the Oldham County indictment was returned and assigned for trial before the Jefferson County indictment was returned. The pendency of the indictment in the Jefferson Circuit Court, however, near the date of his trial in Oldham, was no grounds for continuing the Oldham trial. He may never have been tried in Jefferson. In fact, so far as we know, he has never been tried in that court. Appellant does not mention it in his brief. After all, it should be kept in mind that appellant was indicted at the October term, 1963, and tried October 28, 1964. We conclude there is no merit in appellant's first contention.

█ The second question concerns the propriety of the order of the trial court overruling appellant's motion to dismiss because he was kept in jail 13 or 14 days before his examining trial. This record is silent as to whether the arresting officers offered to take bond before appellant was imprisoned. In any event, the $1,000 was endorsed on the back of the warrant and we assume, in the absence of any showing to the contrary, that he was given an opportunity to execute bond before his imprisonment. The purpose of an examining trial is first to determine whether the evidence is sufficient to require bond to await the action of the grand jury and, if so, whether bailable, depending on the nature and seriousness of the crime. He had the right of habeas corpus. Also, he was unable to execute bond for a period of 10 days after his examining trial. Under the facts, we find that the appellant waived his right to execute bond before being imprisoned. Klotz v. Cook, 184 Ky. 735, 212 S.W. 917; Gray v. McAtee, 233 Ky. 97, 25 S.W.2d 65.

█ Finally, appellant vigorously assails the extensive and detailed evidence of the sale of some of the whiskey to the undercover agents. The federal agents very elaborately planned the details of the purchase of part of this whiskey and even went so far as to record the serial numbers of the money paid the appellant for the whiskey, about all of which they testified on appellant's trial. It was also shown that the serial numbers on the cases of whiskey purchased from appellant were identical to those on the liquor stolen from Jefferson County. Appellant contends all this evidence was evidence of "other crimes" and that such evidence was improper and prejudicial in the first place; and in the second place it is urged that admitting it was competent for a limited purpose to show identity, motive, intent, guilty knowledge or a scheme of perpetrating crimes, yet, it was the duty of the trial court to admonish the jury that such evidence could be used only for one or more

of those limited purposes. A general objection was made by the appellant to some of this testimony. This was not sufficient. In the first place, we think this testimony was competent to show possession of the stolen property as well as to show guilty knowledge of its contraband quality to say nothing of its competency for the purpose of identifying it as the same whiskey that had been theretofore stolen in Jefferson County. We think most of this testimony was competent to prove the crime without any admonition. Furthermore, there was no specific motion or request by appellant or his counsel for an admonition. He, therefore, waived it. Harvey v. Commonwealth, 287 Ky. 92, 152 S.W.2d 282 (1941); Goehring v. Commonwealth, Ky., 370 S.W.2d 822 (1963); and Quarles v. Commonwealth, Ky., 245 S.W.2d 947 (1952). In the Quarles case, it is said:

"We have consistently held that the defendant, by such inaction, waives his right to have the jury admonished."

We conclude the appellant was afforded a fair and impartial trial and that his substantial rights have not been prejudiced.

The judgment is affirmed.