## Egnor v. Commonwealth.

(Decided April 13, 1923.)

### Appeal from Whitley Circuit Court.

1. Criminal Law—Evidence Held to Support Finding of Sale of Liquor Within Twelve Months Before Indictment.—On a trial for unlawfully selling liquors, evidence held sufficient to warrant a finding of a sale within 12 months before finding of indictment.
2. Criminal Law—Verdict not Flagrantly Against Evidence Because Defendant and Another Witness Contradicted State's Only Witness.—Verdict finding defendant guilty of selling liquor was not flagrantly against the evidence so as to justify reversal though based on testimony of only one witness contradicted by defendant's testimony, which to some extent was supported by another witness.
3. Intoxicating Liquors—Whether Defendant Sold Liquor or Obtained it as Accommodation Held a Question for Jury.—On a trial for selling liquor, evidence held to make a question for the jury whether defendant sold the whiskey or procured it for another as an act of accommodation.

B. B. SNYDER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Thomas—Affirming.

The appellant, Egnor, was convicted in the Whitley circuit court of the offense of unlawfully selling spirituous, vinous and malt liquors, and by this appeal seeks to reverse the judgment upon the grounds (1), that the testimony of the Commonwealth failed to show that the sale, if any, was made within twelve months before the finding· of the indictment, and (2) that the verdict is flagrantly against the evidence.

Milford Lawson, the prosecuting witness, to whom the sale, if any, was made, was asked and answered these questions: "Q. Were you before the grand jury at the last term of the court? A. Yes, sir. Q. Before that time and within a year before that time in Whitley county did you buy some whiskey from Bill Egnor? A. I got a half gallon from him." The trial was had on the 24th day of January, 1923, and the indictment was returned at the prior September, 1922, term of the court and the witness testified that he procured the whiskey on either the last day of the previous February or on the first or second day of March following. Defendant, while on the stand, was asked concerning and testified as to his whereabouts on the first, second and third days of "March last year," which, necessarily, was March, 1922, and within a year before the indictment was returned. Clearly, therefore, ground (1), is without merit.

Concerning the transaction, the prosecuting witness testified that he and one Stephens went to a house near the railroad between Corbin and Woodbine, where they found appellant and inquired of him if he knew where they could procure some whiskey and received an affirmative answer; that appellant said some boys over in an adjoining woods had some whiskey and that he could procure a half gallon for $6.00. The money was given to him and he returned in about thirty minutes with the whiskey and made no charge for his services. Defendant denied all that testimony and said that he on the first, second, and third of March, referred to by the prosecuting witness, was some eighteen miles away, to which place he had gone on a business mission. He proved by a witness that he was at the latter's house on March second, and by another one that he "thought" that he saw appellant in the same neighborhood riding along the road on March first, but the witness so testifying was not positive either as to the day or as to the person whom he saw, though on cross-examination he became more con-

vinced that the person he saw traveling the road was the defendant. If we should accept all the proof introduced by defendant as literally true, it would yet remain that the sale might have been made on the last day of February; but if the issue should be confined to the first or second days of March, then the proof introduced by defendant, including his own testimony, only served to contradict the testimony of the prosecuting witness and left the issue to be determined by the jury, which it did against defendant under proper instructions, and under the uniform practice of this court it can not be said that the verdict is flagrantly against the evidence when based on the testimony of only one witness although it is contradicted by the testimony of defendant and which is to some extent supported by another witness. Whether defendant sold the whiskey instead of procuring it for another as an act of accommodation was a question, under the testimony as adduced, for the determination of the jury, and the same is true upon the other issue as to whether he did actually procure the whiskey as testified to by the prosecuting witness.

Other minor and less material errors are referred to in brief of appellant's counsel, but we do not deem them of sufficient merit to require either consideration or reference thereto.

Perceiving no error prejudicial to the substantial rights of the defendant, the judgment is affirmed.