## Roberts v. Commonwealth.

(Decided May 1, 1923.)

## Appeal from Daviess Circuit Court.

1. Witnesses—Accused Cannot be Cross-Examined as to Liquors Found by Unlawful Search.—Where the court properly excluded evidence as to the finding of liquors on defendant's premises by the sheriff because the search warrant was defective, and accused thereafter took the stand in his own behalf and denied that he had any still designed for the purpose of manufacturing it, it was error to permit him to be cross-examined with reference to the finding of the liquor on the premises by the sheriff.

2. Witnesses—Accused Testifying for Himself, Does not Waive Right to Object to Improper Cross-Examination.—The fact that accused offers himself as a witness in his own behalf in a prosecution does not waive his right to object to procuring from him on cross-examination incompetent or inadmissible evidence.

3. Intoxicating Liquors—Evidence Held Sufficient to Take Issue of Manufacturing to Jury.—Evidence by a witness that he had seen in defendant's house copper kettles, which he described in such manner as to justify the conclusion they were being used in the manufacture of whiskey, with evidence that a number of barrels of mash were concealed at different places under and near the house, held sufficient to authorize the submission to the jury of defendant's guilt of manufacturing intoxicating liquor.

FLOYD J. LASWELL for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

Appellant was indicted charged with the manufacture of spirituous liquors. On his trial he was convicted and has appealed.

The sheriff had a defective search warrant under which he searched appellant's house and other buildings. In executing the warrant there was found buried under or near a chicken coop two or more jugs said to contain whiskey.

On the trial of the case it developed that the affidavit upon which the search warrant was based was wholly insufficient, and the court properly refused to permit the

sheriff to testify anything about the evidence so discovered by him.

There was, however, evidence of a witness named Hales about having seen certain copper kettles, which he described, on a stove in the kitchen of appellant's home, and gave such description of them as to justify the conclusion they were being used in the manufacture of whiskey. In addition to this, there was evidence about a number of barrels of mash concealed at different places under and near the home.

This evidence made it necessary for appellant to be introduced as a witness for himself, and on his main examination he only was asked about the making of whiskey, and whether he had any still or apparatus designed for the purpose of manufacturing whiskey. Having answered these questions by his own counsel in the negative, upon his cross-examination, over his objection, he was asked by counsel for the Commonwealth if he did not know there was some whiskey buried in his yard under the chicken coop, and if he did not know there were two five-gallon jugs taken up in the yard, and if he had not seen the sheriff or deputy dig them up out in the yard, and if the sheriff had not brought the whiskey around to the front porch where defendant was sitting, and that if he did not know where that whiskey had been buried, and if his brother was not there when the whiskey was brought away, and similar questions about the very whiskey which the court had declined to permit the sheriff to give any evidence about whatsoever, because it had been procured by a search made under an invalid search warrant.

The question is, may a defendant who is on trial charged with a violation of the prohibition laws who offers himself as a witness in his own behalf be required upon cross-examination to make admissions or give evidence about the discovery of evidence against him by an officer acting under an invalid search warrant.

It is true appellant voluntarily offered himself as a witness to testify in his own behalf, but before this was done the court had already passed upon the admissibility of the evidence procured by the sheriff under his insufficient search warrant. The defendant, therefore, was introduced as a witness only for the purpose of testifying for himself in response to the competent evidence which the court had admitted against him, and did not thereby make admissible any evidence disclosed by the

unwarranted search, even though he had knowledge of same.

It was properly held by the court that the very whiskey disclosed by the unlawful search was inadmissible as evidence, and yet the same court permits on cross-examination of the defendant evidence to go to the jury of the fact that same whiskey was dug up in his yard and near his home, thereby, in effect, making competent evidence out of evidence that is declared by the fundamental law to be inadmissible against defendant.

The fact that one offers himself as a witness for himself in a prosecution cannot operate to waive his right to object to procuring from him on cross-examination incompetent or inadmissible evidence. He does not waive his right to object to giving incompetent evidence against himself.

If this evidence was inadmissible when it was sought to be shown by the sheriff because it was procured by an unauthorized search, how could it be admissible when it is sought to show it by the defendant himself?

Up to the time defendant testified the court had refused to permit any evidence to go to the jury about the discovery by the sheriff of whiskey buried on the premises, and the fact that defendant introduced himself as a witness to contradict competent evidence that had been adduced against him did not authorize the Commonwealth on cross-examination to require him to testify about evidence wholly inadmissible.

The evidence outside of this inadmissible evidence was sufficient to authorize the court to submit the case to the jury.

It appears to be uncertain under the evidence whether the offense charged was committed before or since the act of March 22, 1922, became effective; but we apprehend that on another trial this will be made clear so that the court will know under which act to instruct.

For the reason indicated the judgment is reversed with directions to grant the appellant a new trial and for further proceedings consistent herewith.

Whole court sitting.