## Camden v. Commonwealth.

(Decided October 5, 1923.)

## Appeal from Boyle Circuit Court.

1. Criminal Law—Testimony that Defendant Drew Pistol When Officer Approached Still Held Competent in Prosecution for Manufacture of Liquor.—In a prosecution for unlawful manufacture of intoxicating liquor, testimony of arresting officer that, when he approached an illicit still, defendant drew a pistol from his pocket, was admissible as a circumstance from which it might be inferred that the still was defendant's, and that he was operating it.

2. Intoxicating Liquors—Evidence Sufficient to Sustain Conviction for Manufacture, and to Take Case to Jury.—Evidence that defendant was present at a still, and drew a pistol when the arresting officer approached, together with evidence of reputation of trafficking in liquor, held sufficient to take the case to the jury, and sustain its finding of unlawful manufacture of intoxicating liquor.

J. W. RAWLINGS for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

This is an appeal from a judgment convicting Alex Camden of manufacturing intoxicating liquor in violation of the prohibition law. Two errors are assigned for a reversal of the judgment: First, the admission of incompetent testimony; and, second, the verdict is flagrantly against the evidence.

The testimony complained of consists of statements made by the arresting officer to the effect that when he approached the illicit still appellant drew a pistol from his pocket. Counsel argue that this testimony was incompetent and highly prejudicial in that it tended to prove an offense other than that with which appellant was charged, with the result that it necessarily prejudiced appellant's case before the jury. We are unable to concur in the contention. The incident occurred at the time the officer approached the still and demanded that appellant and his companions surrender. Appellant's speech and conduct at that time, so far as they threw any light on his guilt or innocence, were admissible in evidence. The fact that he manifested a purpose to resist arrest was a circumstance from which it might be inferred that it was his still or

that he was operating it.  It was undoubtedly competent to be considered from that viewpoint.

The second contention of appellant is also untenable. The theory on which he defended the prosecution was that he was merely a guest at the still and had nothing whatever to do with its operation.  His testimony on that point was supported by one of the men who was arrested with him and who claimed to be the sole owner of and accepted full responsibility for operating the still.  Nevertheless, appellant was present at the time the still was discovered, his conduct, as we have pointed out, indicated an interest in the still, and it was shown that his reputation for trafficking in liquor was bad.  This evidence was sufficient to take the case to the jury and sustain its finding of guilty. Sorrels v. Commonwealth, 197 Ky. 761; Egnor v. Commonwealth, 198 Ky. 603; Roberts v. Commonwealth, 198 Ky. 838; Spicer v. Commonwealth, 199 Ky. 661.

The judgment is affirmed.