## Meredith v. Commonwealth.

(Decided September 28 1926.)

### Appeal from Edmonson Circuit Court.

1 Criminal Law—Evidence Obtained in Search of Defendant's House Without Warrant Held Incompetent, in Prosecution for Possessing Still, Though Defendant's Wife Consented to Search.—Where officers without warrant announced purpose to search defendant's house during his absence, saying they could get search warrant, wife's consent to search held ineffectual as waiver of defendant's constitutional rights, and evidence obtained was incompetent, in prosecution for possessing still.

2.  Witnesses—Cross-examination of Defendant, in Prosecution for
    Possessing Still, Relating to Rye Meal in His House in Search
    Without Warrant Held Improper.—Cross-examination of defendant,
    in prosecution for possessing still, relating to 'rye meal discovered
    in his house in search without warrant held improper, since it was
    incompetent evidence against him...

3.  Intoxicating Liquors.—Evidence held insufficient to sustain convic-
    tion for possessing a moonshine still.

MILTON CLARK for appellant.

F. E. DAUGHERTY, Attorney General, and GARDNER K. BYERS,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

Appellant has been convicted of possessing a moon-
shine still and appeals.

The witnesses for the Commonwealth, a deputy
sheriff and constable, discovered hidden in timber and
undergrowth some 300 yards from appellant's home
parts of a distilling outfit. They were found on Jim
Sego's farm and as close or closer to his residence than
to that of appellant, who lived on Jim Gibson's farm.
The officers then went to appellant's home, where it was
ascertained that he was not there. They then announced
to his wife their purpose to search the house. She de-
manded to know whether they had a search warrant.
They replied: "No, but we can get one." She thereupon
said: "Go ahead and search until you are satisfied."
They found three pecks of rye meal and a bottle that had
had whiskey in it. That testimony was admitted over
appellant's objection, and he insists it was incompetent
and prejudicial. The witnesses also testified that rye
meal is used in manufacturing whiskey.

It is insisted for appellant that his constitutional
rights were not waived when his wife admitted the offi-
cers to his home under the facts above, and that as the
search was made without a search warrant the evidence
obtained thereunder was incompetent. That position is
well taken. In Duncan v. Commonwealth, 198 Ky. 841,
that question was fully discussed and determined in a
case with facts almost exactly similar to those herein.
The rule there announced was based upon Amos v.
United States, 255 U. S. 313. The presence of officers at
the home of an accused and their declaration to his wife

in his absence of their purpose to search is a situation implying such coercion as to render her consent to the search ineffectual as a waiver of her husband's constitutional rights.

In Roberts v. Commonwealth, 198 Ky. 838, it was held that though a defendant voluntarily offers himself as a witness to testify in his own behalf, it is incompetent to cross-examine him relative to incompetent evidence against him found pursuant to a search under an invalid search warrant. Here, as above determined, the evidence discovered pursuant to the unlawful search of appellant's home was improperly admitted in evidence against him. It follows that, as appellant insists, it was incompetent for the Commonwealth to cross-examine him relative to the rye meal discovered in his home by the search.

Under the facts detailed above, eliminating the evidence illegally obtained, it seems extremely difficult to hold the verdict of the jury to be sustained by the evidence. In addition to the facts noted some of the witnesses testified as to paths leading to and from the place where the distilling apparatus was found, but that testimony was exceedingly vague and indefinite and uncertain as evidence that the paths were made by persons traveling from appellant's home to the place where the distilling apparatus was hidden and where the moonshine still apparently had been operated. Our consideration of the entire record leaves us with the conclusion that the verdict of the jury can not but be held to be flagrantly against the evidence.

For the foregoing reasons, the judgment herein is reversed and this cause remanded for further proceedings not inconsistent herewith.