## SWANGER v. COMMONWEALTH.

Court of Appeals of Kentucky.
Feb. 13, 1953.

Harry M. Caudill, French Hawk, Whitesburg, for appellant.

J. D. Buckman, Jr., Atty. Gen., and H. D. Reed, Jr., Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

During the afternoon of October 5, 1951, Carl Swanger shot and killed Harold Dykes. He was indicted on the charge of murder and was convicted of voluntary manslaughter and sentenced to 21 years in the penitentiary.

On appeal he urges three grounds for reversal of the judgment: (1) separation of the jury in contravention of Section 244 of the Criminal Code of Practice; (2) failure of the court to instruct the jury upon the whole law of the case; and (3) the admission of incompetent and prejudicial evidence.

The affidavits filed in support of appellant's first contention show that the officer in charge of the jury permitted a temporary separation of the jury while escorting it from the hotel, in which it had been lodged for the night, to the court house the following morning. The jury's

bailiff permitted two members of the jury to stop and purchase tobacco at a restaurant while several other members of the jury proceeded to the court house to seek cover from the rain. There was no showing of any improper conduct upon the part of any member of the jury.

Similar facts, showing that the jury had been temporarily separated, appeared in Johnson v. Commonwealth, 179 Ky. 40, 200 S.W. 35, and it was there held not to constitute a violation of Section 244 of our Criminal Code of Practice. Other recent opinions of this Court are to the same effect. Minix v. Commonwealth, Ky., 249 S.W.2d 48; Horton v. Commonwealth, Ky., 240 S.W.2d 612. Under the showing made by appellant we are of the opinion that the court properly refused to grant a new trial on this ground.

█ Appellant next contends that the court failed to instruct the jury that he had the right to shoot Dykes in the defense of his companions. This criticism would have much force if there was evidence upon which to base it; but be find that appellant testified he acted solely in his own defense. He was asked this question: "Why did you shoot at the time you did?" The appellant answered: "I thought the man was going to kill me was what I thought." Therefore, appellant's argument on this point deserves no further consideration. See Caudill v. Commonwealth, 155 Ky. 578, 159 S.W. 1149; Tetterton v. Commonwealth, 89 S.W. 8, 28 Ky.Law Rep. 146.

The complaint directed to the admission of incompetent evidence pertains to testimony educed from the appellant on cross-examination. After the appellant had admitted that he had been convicted of a felony he was compelled to answer a series of questions asked by the special prosecutor as to whether or not he had been indicted on certain other offenses, and also, as to whether he had been implicated in other crimes. To illustrate the type of interrogation that appellant was subjected to, we set forth in substance some of the admissions of appellant which were elicited in response to the prosecutor's questions and which the jury was permitted to hear and consider:

(1) that he was under indictment on the day he shot and killed Dykes; (2) that he had been indicted for carnally knowing a female; (3) that he was under indictment for stealing a "cooler"; (4) that he had heard a witness say "that he had seen appellant and a girl named Betty Joe carrying the 'cooler' across the street;" (5) that Beatrice Adams, his companion on the occasion that he shot Dykes, had been the prosecuting witness against him on an indictment charging him with carnally knowing a female and that he was the father of her child born out of wedlock. Other questions, such as; "After the child was born she got a bastardy warrant for you?" were also asked.

█ It is urged by the Commonwealth that appellant did not object to all these questions and that having failed to do so, appellant cannot now complain of the prejudicial effect of his answers to these questions. We have examined the transcript of evidence and find that sufficient objections were interposed and that exceptions to the court's ruling thereon were preserved. In several cases we have held that when a defendant objects to the first question in a line of interrogation and the objection is overruled, and exceptions taken, that objection applies to subsequent questions along that line asked of the same or any other witness and that it is not necessary for the defendant to continue to object after each question. Berry v. Commonwealth, 227 Ky. 528, 13 S.W.2d 521; Brown's Adm'r v. Wilson, 222 Ky. 454, 1 S.W.2d 767; Louisville & N. R. Co. v. Rowland's Adm'r, 215 Ky. 663, 286 S.W. 929.

█ The fact that the accused becomes a witness in his own behalf does not waive his right to object to procuring from him on cross-examination incompetent or inadmissible evidence. Roberts v. Commonwealth, 198 Ky. 838, 250 S.W. 115.

Security against abuses of judicial inquisition stands guard against compelling any citizen to incriminate himself in an offense. Grigsby v. Commonwealth, 299 Ky. 721, 187 S.W.2d 259, 159 A.L.R. 196. This has sanction in the Bills of Rights,

both federal and state, Federal. Const. Amend. 5; Ky.Const. Section 11. This privilege of immunity is consistently recognized in our jurisprudence, which prohibits proof or extracting admission of anything reflecting infamy upon him not pertinent to the particular case or any offense other than that with which the defendant stands accused by the indictment upon which he is being presently tried, with certain exceptions not relevant here. Howard v. Commonwealth, 110 Ky. 356, 61 S.W. 756; Welch v. Commonwealth, Ky., 108 S.W. 863; Morse v. Commonwealth, 129 Ky. 294, 111 S.W. 714; Romes v. Commonwealth, 164 Ky. 334, 175 S.W. 669; Wireman v. Commonwealth, 203 Ky. 57, 261 S.W. 862; Farley v. Commonwealth, 263 Ky. 769, 93 S.W.2d 858; Peck v. Commonwealth, 286 Ky. 347, 150 S.W.2d 919. Our rules in this regard seem to be more strict than in some other jurisdictions. See Wharton, Cr.Ev., Secs. 1332, 1333. However, to affect credibility but not as substantive proof, Section 597 of the Civil Code of Practice, which is applicable also to the criminal practice, permits any witness to be impeached by evidence, either as part of his own cross-examination or the record, that he has been convicted of a felony. But this does not permit the Commonwealth to require the accused to admit or otherwise to prove that he has been merely charged with some particular crime, Logan v. Commonwealth, 174 Ky. 80, 191 S.W. 676, or has been convicted or is guilty of a misdemeanor. Day v. Commonwealth, 256 Ky. 76, 75 S.W.2d 741.

It is clear to us that the prosecutor, in his zeal to obtain a conviction, violated the provisions of Section 597 of our Civil Code of Practice by exacting admissions from appellant that he had been merely charged with the commission of some particular wrongful act. Logan v. Commonwealth, 174 Ky. 80, 191 S.W. 676. The object of these questions was to obtain evidence which tended to show that appellant was guilty of some offense against society, and to thereby prejudice the minds of the jurors against the appellant, rather than to prove the accused guilty of the crime for which he was being tried. The method employed to inject this incompetent evidence into the case is condemned. Although the court admonished the jury that appellant was not on trial for carnally knowing a female, but was on trial for the murder of Harold Dykes, this admonition, in our opinion, was insufficient to eliminate the prejudicial effect of this incompetent evidence which had been firmly impressed upon the minds of the jury by the repetitious questioning of the appellant.

Appellant further insists that the special prosecutor was permitted to contradict his own witness, Ralph Collins, in violation of the provisions of Section 596, Civil Code of Practice. The point is well taken. But inasmuch as we are reversing the judgment for other reasons, and in view of the fact that the opinion is already rather lengthy, we decline to enter into a discussion of the matter, but direct that on retrial of the case the court should not permit the Commonwealth to get before the jury the anticipated evidence of the witness by the second-hand method employed here. The court should be guided by the code provision (above cited) on the subject and by our interpretation of this code provision in the case of Maddox v. Commonwealth, 311 Ky. 685, 225 S.W.2d 107 and cases cited therein.

We observe in the bill of exceptions that the instruction on voluntary manslaughter does not contain the minimum, nor the maximum punishment that the jury could inflict upon the accused under this instruction as prescribed by KRS 435.020. On retrial, and in the event the evidence authorizes the giving of an instruction on voluntary manslaughter, the court will include the penalty provided therefor in the instructions.

Judgment reversed.