**Bill TURPIN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 8, 1961.

Eugene Goss, Harlan, for appellant.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Appellant, Bill Turpin, was convicted in the Harlan Circuit Court of the offense of maliciously shooting at and wounding another with intent to kill. See KRS 435.170 (1). He was sentenced to five years' imprisonment. On appeal he urges as grounds for reversal that the lower court erred (a) in not discharging the jury and continuing the case because of prejudicial statements made in the presence of the jury during an adjournment; and (b) in refusing to admit in evidence a photograph of the scene of the crime.

As shown by the record, the trial of this case began on March 16, 1961, and after the Commonwealth had introduced two witnesses who testified in chief, court was adjourned until 9:00 a. m. the following day. When court reconvened at the appointed time, the trial judge, while the jury which had been empaneled was seated in the courtroom, proceeded to call the docket set for that day, which included two other indictments returned against this same appellant. One of these was for carrying a concealed deadly weapon; and in connection with this charge the Commonwealth's attorney rose and made a motion for a peace bond, stating as the reason for such a request that certain persons interested in that particular indictment were "afraid of the defendant" because he always kept a pistol on or about him. The

motion was set to be heard at a future date. Appellant then moved to discharge the jury and to continue the case but his motion was overruled, to which he excepted.

Appellant argues that, since he was being tried for a crime which involved an act of violence and the use of a firearm, to announce an indictment that charged the carrying of a concealed deadly weapon and to tell the court, in support of the motion for a peace bond, that certain persons were in fear of him because he kept a pistol in his possession, was highly prejudicial to his case. The Commonwealth maintains that the mention of the pending indictment took place during the transaction of routine court business and was not injected into the case deliberately or for any extraneous purpose. Furthermore, it asserts that, as appellant had admitted in the case at bar he had taken a loaded gun with him on a friendly visit to a man he later was accused of shooting, such evidence pictured him as a man any reasonably cautious person would fear, so that a motion to place him under a peace bond could not have had an aggravating effect.

■ This Court has frequently held it is reversible error to call to the attention of the jury information that tends to show another crime has been committed which is independent of, and unconnected with, the one for which the accused is on trial. See Acres v. Commonwealth, Ky., 259 S.W. 2d 38; Swanger v. Commonwealth, Ky., 255 S.W.2d 38; Peck v. Commonwealth, 286 Ky. 347, 150 S.W.2d 919; Howard v. Commonwealth, 110 Ky. 356, 61 S.W. 756. In practically every instance where we have considered the point, this type of inadmissible evidence was elicited from one who was testifying.

■ However, if bringing out other unrelated criminal transactions through a witness is prejudicial error, then certainly any conduct of the trial judge or of the Commonwealth's attorney which, within the hearing of the jury, reveals subject matter that stands condemned when disclosed by testimony, would constitute a sufficient reason for reversing the judgment of conviction. Although the acts complained of did not transpire during the trial, those on the jury were fully exposed to them in such a way that it is impossible to believe they might not have been influenced to the detriment of appellant when they rendered their verdict. In the interest of justice we conclude appellant should be given a new trial free from damaging statements as to the commission of other offenses of which he may be accused.

It is next contended a photograph of the scene of the crime was improperly excluded. We are left in the dark as to what appellant had in mind to establish by this picture, because, first, he gives us no explanation in this respect and, secondly, the photograph is not before us so that we might form our own conclusion as to its relevance. The trial judge rejected it because he thought it was too remote in point of time from the date of the incident.

■ The time at which a photograph offered in evidence was taken is important only with reference to the question of whether there has been a change in the condition of the person or object portrayed. The mere fact that a photograph was taken at a time different from the date of the incident in question does not render it inadmissible if it can be established as a substantial representation of the conditions as they then existed. See 20 Am.Jur., Evidence, sec. 731, p. 611.

With the foregoing test in mind we believe the trial judge will be able to satisfactorily determine the admissibility of the photograph, if there be another trial.

Wherefore, the judgment is reversed.