**Joe SCAMAHORNE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 1, 1962.

John S. Kelley, Bardstown, Hobson L. James, Elizabethtown, for appellant.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

STEWART, Chief Justice.

Appellant, Joe Scamahorne, was convicted in the Nelson Circuit Court of the offense of carrying concealed a deadly weapon. See KRS 435.230(1). He was sentenced to two years in the penitentiary.

The judgment must be reversed because another crime of which appellant was accused was injected into the trial. The pertinent facts in this connection reveal that appellant was apprehended at Balltown in Nelson County under a warrant which issued from Barren County, the arrest having been made by two detectives of the Kentucky State Police. It developed that appellant then had upon his person a .38 caliber pistol, the possession of which he disclosed to the officer, and which circumstance thereafter resulted in his indictment, trial and conviction in Nelson County of the charge now before us.

The sole issue in the instant case was whether the weapon was concealed. Appellant raised no question as to the validity of the warrant which issued from Barren County and the legality of the arrest thereunder in Nelson County. Notwithstanding this fact, both detectives were allowed to state, over the objection of counsel, when

asked what the warrant of arrest was for, that the accusation contained therein was "bank burglary."

 Was this evidence incompetent and prejudicial? We believe it was.

The question of what the Barren County warrant was for was in no way pertinent to the particular offense which appellant was charged with having committed. Therefore, it was error to permit the Commonwealth to place in evidence an accusation of an infamous crime which was independent of, and unconnected with, the one for the commission of which appellant was on trial. See Turpin v. Commonwealth, Ky., 352 S.W.2d 66; Acres v. Commonwealth, Ky., 259 S.W.2d 38; Swanger v. Commonwealth, Ky., 255 S.W.2d 38; Peck v. Commonwealth, 286 Ky. 347, 150 S.W.2d 919; Howard v. Commonwealth, 110 Ky. 356, 61 S.W. 756.

In the interest of justice we conclude appellant should be given another trial free from damaging statements as to the perpetration of another totally unrelated crime he may have perpetrated in another county. Only the preliminary fact that appellant was taken in custody pursuant to a warrant needed to have been established and to go further, as was allowed here, was prejudicial.

Appellant also objects to the testimony of one of the patrolmen that "someone" had tried to chisel or file the serial number from the gun. The trial court allowed the jury to see the weapon and they were shown where the alteration was attempted. Appellant claims such evidence served only to cast suspicion and blame upon him, although no one ever alleged that he had attempted the changes made. The Commonwealth asserts this evidence was properly admitted for the purpose of identifying the pistol. But appellant counters with the statement that the pistol had been identified and introduced in evidence without objection, and therefore the testimony was erroneously permitted and was prejudicial.

It is our view the sequence of events we have detailed should not have been brought out, as it served no good purpose and for the reason, moreover, that it could have had a harmful bearing upon appellant. The jury might have reasoned that appellant stole the weapon and had sought to remove the identifying marks on it. If the evidence be the same at another trial this testimony should be excluded.

Wherefore, the judgment is reversed and remanded for further proceedings consistent with this opinion.