Hershel **YOUNG**, Appellant,

v.

**COMMONWEALTH of Kentucky**, Appellee.

Court of Appeals of Kentucky.

Dec. 15, 1967.

---

David Van Horn, Lexington, for appellant.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Hershel Young appeals from a judgment sentencing him to life imprisonment pursuant to a verdict finding him guilty of murder. KRS 435.010. His only ground for reversal is that the trial court committed prejudicial error in attempting to explain to the jury the word "feloniously" as it appeared in the instruction covering murder and voluntary manslaughter. The instruction was as follows:

"If the jury believe from the evidence in this case to the exclusion of every reasonable doubt that the defendant, Hershel Young, in Fayette County, Kentucky and before the finding of the indictment herein, did unlawfully, wilfully, feloniously and maliciously, and not in his necessary or apparently necessary self-defense, slay and kill Pat Bowden by shooting him and wounding him with a

pistol, a deadly weapon, from which shooting and wounding the said Bowden did shortly thereafter die, you should find the defendant guilty of murder if you so believe said shooting and wounding and slaying of said Bowden were done with malice aforethought, but guilty of voluntary manslaughter if you believe said shooting and wounding and slaying of Bowden were done in sudden affray or in sudden heat of passion and without previous malice.

"The words 'wilful' and 'wilfully' as used in this instruction mean intentional, not accidentally or involuntary.

"The words 'malice aforethought' as used in this instruction mean a predetermination to do the unlawful act of killing or taking the life of another person without legal excuse, and it is immaterial how suddenly or recently before the killing such predetermination is formed.

" 'Feloniously' means proceeding from an evil heart or purpose and done with the deliberate intention of committing a crime."

The record shows the following proceedings with reference to the attempted explanation:

"Case submitted at 2:40 P.M. At 4:35 P.M. the jury reported, and the following transpired, after waive of call of the jury:

THE COURT: "Have you reached a verdict?"

FOREMAN: "No, Your Honor, we have not. The jury respectfully asks interpretation here of a definition. Can this be given?"

THE COURT: "What definition?"

FOREMAN: " 'Feloniously' means proceeding from an evil heart or purpose and done with the deliberate intention of committing a crime. Now, in this case 'committing a crime,' does this

refer to the crime as stated in Instruction 1?"

THE COURT: "Of committing a crime, yes."

JUROR: "Just any crime?"

THE COURT: "Let me put it this way, I don't like to go too far in trying to embellish upon the instructions because the Court has always thought that they speak for themselves, but sometimes we have to—As that term is used, it is used in, I might say a generic term—generally, you see. That's the definition of proceeding from an evil heart or purpose and with the intention of committing a crime, you are to look at it just from the general standpoint—not specifically in this instance, but that is the general interpretation of it.

"Do you see what I'm talking about? Not that it's applicable—not in every case, where you're proceeding from an evil heart, feloniously means proceeding from an evil heart and purpose with intention of committing a crime. That's used just generally."

"Jurors again retired: verdict received in open court at 5:10 P.M."

■ Appellant contends that the effect of the trial court's remarks was to give the jury the impression that if appellant had shot and killed the victim with a criminal intent he was guilty of murder, excluding the possibility of voluntary manslaughter. We are unable to get such a meaning from what the judge said. The instruction made it clear that if the appellant shot and killed the victim with a criminal intent, not in self-defense, he was guilty of murder if he did it with malice aforethought, but voluntary manslaughter if he did it in a sudden affray or in sudden heat of passion, without malice aforethought. The most that can be said of the court's effort to explain the term "felonious" is that it probably failed to clear up whatever uncertainty prompted the jury's request for elucida-

tion; but it could hardly have created any additional confusion or misconception.

■ In the absence of something prejudicial in his remarks, the act of a trial judge in explaining or elaborating on the written instructions given to the jury does not warrant a reversal. Eaton v. Commonwealth, 230 Ky. 250, 19 S.W.2d 218, 226 (1929). Cf. RCr 9.24, 9.26.

■ It appears also that no objection was made or presented, either immediately after the court undertook to give the requested explanation or by way of a later motion for new trial. We think the principle stated in Hartsock v. Commonwealth, Ky., 382 S.W.2d 861 (1964), is applicable. If the trial judge has committed an error which is known to the defendant, he must be given a timely opportunity to correct it.

The judgment is affirmed.

All concur.