**William HOOD, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 12, 1969.

was found guilty of the offense of making and delivering a fraudulent check for over $20. He escaped from the custody of a deputy sheriff while enroute to the county jail. William had been brought to the Warren Circuit Court from the state penitentiary where he was serving a two-year sentence imposed by the Allen Circuit Court.

William was returned to jail after about twenty-four hours of apparently ill-used freedom. He was given over to police authorities by two civilians who had apprehended him on a road near a burning barn.

On January 25, 1968, the Warren County grand jury investigated the escapades of William during his absence from custody and returned the following indictments:

Commonwealth of Kentucky v. William Hood, Arson, #11995

Commonwealth of Kentucky v. William Hood, Arson, #11996

Commonwealth of Kentucky v. William Hood, Arson, #11997

Commonwealth of Kentucky v. William Hood, Escape of a Convict from Custody, #11998

Commonwealth of Kentucky v. William Hood, Storehouse Breaking, #11999

The indictments accused William of burning three barns, breaking and entering a grocery store, and escaping from custody.

On September 25, 1968, after two days of trial, William was found guilty on all of the above charges, and the jury imposed the minimum sentence permissible under the instructions on each indictment.

W. Currie Milliken, Milliken & Milliken, Bowling Green, for appellant.

John B. Breckinridge, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

The appellant, William Hood, in the Warren Circuit Court on January 23, 1968,

The trial court entered the following judgment:

"* * * Three Years for the Crime of Escape to be served CONSECUTIVELY with the two year sentence he is now serving from the Allen Circuit Court, for One Year each of the four charges herein of Storehouse Breaking and Arson to be concurrently

"with each other, but consecutively with the three year Escape sentence."

William appeals. We affirm.

■ Complaint is made by the appellant, William Hood, that the trial court erred in failing to set aside the swearing of the jury and to declare a mistrial because of the alleged misconduct of a juror on voir dire examination. This claimed error was brought to the trial court's attention for the first time in appellant's motion and grounds for a new trial. Appellant failed to make a motion to set aside the swearing of the jury, or to take steps toward or to make any request for a ruling by the court, at the time of the discovered alleged misconduct. Only six jurors had been selected, and appellant could have, for good reason, been permitted to exercise a peremptory challenge at any time before the jury was sworn. RCr 9.36(3). Being aware of the alleged misleading character of the prospective juror's answers and actions on voir dire, appellant could not, after the verdict was adverse, raise this question for the first time. RCr 9.22; Hatton v. Commonwealth, Ky., 409 S.W. 2d 818; Young v. Commonwealth, Ky.,· 421 S.W.2d 857.

Appellant complains that the Commonwealth's references to his prior felony convictions were prejudicial and of such import as to prevent him from receiving a fair trial.

■ We have examined the evidence and conclude that the appellant did not preserve the alleged errors for review, in that he did not take timely and appropriate action to assert such errors. Senibaldi v. Commonwealth, Ky., 338 S.W.2d 915.

■ The appellant was asked by the Commonwealth if he had ever been convicted of a felony. He answered in the affirmative. The trial court then gave proper admonition. Relying on Cowan v. Commonwealth, Ky., 407 S.W.2d 695, the interrogation as to previous felony con-

victions went no further. This was proper.

Appellant relies on Manning v. Commonwealth, Ky., 328 S.W.2d 421, and Turpin v. Commonwealth, Ky., 352 S.W.2d 66, in support of his contention that it was reversible error for the Commonwealth to introduce evidence showing that he had been guilty of another crime. The appellant can, get little comfort from these cases due to the fact that in them timely objections and appropriate actions to preserve the error were made and thus preserved for appellate review. In the instant case, appellant did not take proper and timely actions to assert and preserve his objections to the introduction of testimony by the Commonwealth relative to the fact that he had committed other crimes.

Appellant was apprehended and taken into custody on a public road in Warren County by irate citizens, one of whom had suffered the loss of a barn which had been burned. Appellant was questioned by them concerning the burning of barns in the immediate vicinity. The citizens then proceeded to take the appellant to Bowling Green, where he was turned over to authorities. Appellant now complains that this amounted to a citizen's arrest and that the court erred in permitting these citizens to testify to statements made by him after he had been apprehended and placed in custody.

■ Appellant states that under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, these citizens should have given him all the warnings and admonitions set forth in this landmark case. Miranda, under its protective umbrella, shields accused persons from the direct rays of heated inquisition and custodial interrogation. Defense attorneys of persons accused of crimes are using the word "Miranda" and its connotations in the trial courts, and in this court, so often that we fear the word "Miranda" will soon be used with more repetition than the article "the." In spite of the great protection

afforded by Miranda, we are convinced that a citizen's arrest is not covered by this umbrella. We held in Jaggers v. Commonwealth, Ky., 439 S.W.2d 580, that Miranda would not be applicable except in instances involving "law enforcement officers." A most compelling reason for rejecting the proposition that Miranda applies to a citizen's arrest lies in the fact that the ordinary citizen, not being a police officer, would not have the faintest notion concerning the matter of advising of rights. The rationale expressed in Stone v. Commonwealth, Ky., 418 S.W.2d 646, cert. denied 390 U.S. 1010, 88 S.Ct. 1259, 20 L. Ed.2d 161, relative to acts of private citizens in search and seizure matters, would, by parity of reasoning, apply to matters of statements made to private citizens.

In 16 Am.Jur.2d, Constitutional Law, Section 557, page 960, it is written:

"It is the established general rule that the provisions of the due process clause in a state constitution and in the Federal Constitution are inhibitions upon the power of government and its agencies, not upon freedom of action of private persons. * * * "

The very language of Miranda eliminates its application to the factual situation in the instant case. Mr. Chief Justice Warren stated the purpose of the court's undertaking the case as being "to give concrete constitutional guidelines for law enforcement agencies and courts to follow." The thrust of Miranda relates to actions of law enforcement agencies, and not to the actions of private citizens. We have no hesitancy in holding that Miranda does not apply in the instant case.

■ Appellant contends that he was insane at the time of the commission of the crime and at the time of the making of incriminating statements. The sanity of the appellant was an issue of fact to be determined by the jury. Moore v. Commonwealth, Ky., 446 S.W.2d 271; Newsome v. Commonwealth, Ky., 366 S.W.2d 174, cert. denied 375 U.S. 887, 84 S.Ct. 163, 11 L.Ed. 2d 116. Appellant's claim of insanity was properly presented to the jury under ample instructions. The jury heard the matter and decided adversely to the appellant.

Upon the whole case we find the appellant received a fair and impartial trial.

The judgment is affirmed.

All concur.