**Danny PAYNE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 22, 1974.

Rehearing Denied June 7, 1974.

———◆———

Anthony M. Wilhoit, Public Defender, Frankfort, Anthea M. Boarman, Lexington, for appellant.

Ed W. Hancock, Atty. Gen., John C. Ryan, Sp. Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Justice.

Appellant Danny Payne was indicted on February 9, 1973, for the murder of James Horsley on January 21, 1973. Both men were prisoners in the LaGrange Reformatory at the time of Horsley's death. Payne

was found guilty of voluntary manslaughter and his punishment was fixed at 12 years' confinement in the penitentiary. He appeals from a judgment entered pursuant to a jury verdict. We reverse.

The following is quoted from the voir dire examination of the jury panel by the attorney representing the Commonwealth:

"* * * And all of you new jurors, you have heard my questions concerning the fact that the deceased, James Horsley, was a convict serving time for storehouse breaking and Mr. Payne here was serving time for voluntary manslaughter and escape. The fact that they are convicts won't prejudice you in the trial of this case?"

Defense counsel immediately, but unsuccessfully, moved that the jury panel be discharged. No admonition was requested and none was given. Payne charges that the trial court erred, to his prejudice, in forcing him into a trial by a jury which knew that he had been convicted of manslaughter and of escaping from a penal institution. The Commonwealth argues that supplying this information to the jury panel "was not evidence" and because it was not again mentioned "* * * no reversible error (was) committed by the trial court in declining to declare a mistrial."

Payne's defense was that he did not really know what happened on the night of Horsley's death and that he had no recollection of killing Horsley because he was intoxicated from drinking "prison home brew" and was suffering from mental disorders. Payne had made a statement of guilt to police officers, which the Commonwealth introduced into evidence, but he told the jury that the information it contained was not given from his own knowledge but from what he had been told by another inmate. Horsley was found lying on the floor of his room with part of a broken electric cord around his neck and chin. Another part of the cord was dangling from a heat vent over a door close to where Horsley's body was lying, giving the

appearance that Horsley had hanged himself or that a person or persons had hanged him. The police laboratory concluded that the cord had pulled apart. One of Payne's arms was materially incapacitated, therefore he claimed it would have been impossible for him to have hanged Horsley.

In cases such as Turpin v. Commonwealth, Ky., 352 S.W.2d 66 (1961), we pointed out as follows:

"This Court has frequently held it is reversible error to call to the attention of the jury information that tends to show another crime has been committed which is independent of, and unconnected with, the one for which the accused is on trial."

When the Commonwealth's Attorney injected information of the type of crime resulting in two previous convictions into the proceedings, he violated the rule we have announced. We are unwilling to say that the effect was not prejudicial to Payne. Cf. Swanger v. Commonwealth, Ky., 255 S.W.2d 38 (1953). We hold, therefore, that the jury panel should have been discharged.

Because there may be another trial, we will discuss other claimed errors. Payne had been a patient in a mental hospital almost eight years before the trial. He produced as a witness the custodian of the hospital records and, through her, offered them in evidence to prove his mental instability. After an objection, they were rejected because they were too remote in time to the commission of the offense for which Payne was being tried. Mental disorders may or may not be of a temporary nature, therefore the time that had elapsed between the events, in our opinion, was not in itself so great as to require excluding the hospital records on that basis. No avowal was made and the hospital records were not tendered for the purpose of appeal, therefore we cannot consider whether their exclusion was prejudicial.

Payne also offered in evidence the records of a general hospital covering his stay as a patient just six months before the date of the offense. They were produced by the custodian of the records, but their admission was disallowed, apparently on the basis of the hearsay rule. Our rule is that records of patients at a hospital, organized on the usual modern plan may be produced in evidence by the custodian of the records. Whittaker v. Thornberry, 306 Ky. 830, 209 S.W.2d 498 (1948), and Bellew v. Commonwealth, Ky., 477 S.W.2d 779 (1972). Also see 32 C.J.S. Evidence, § 730 (2), p. 1052 and 40 Am.Jur.2d, Hospitals and Asylums § 43, p. 885. Of course their admission is subject to competency, relevancy and materiality. 29 Am.Jur.2d, Evidence, § 249, p. 297; 32 C.J.S. Evidence, § 728 f, p. 1043.

Other claims of error are asserted, but it appears that it is unnecessary for us to consider them as the events to which they were related are unlikely to recur. They are reserved.

The judgment is reversed.

All concur, except JONES, J., who dissents.